MONROE S. CAMPBELL t/a MONROE'S DRIVE-IN v. NORTH CAROLINA STATE BOARD OF ALCOHOLIC CONTROL, VICTOR ALDRIDGE, DR. CLEON W. GOODWIN, AND C. J. MABRY, JR., MEMBERS.

(Filed 16 December, 1964.)

1. **Administrative Law § 3—**

The rules of evidence are not so strictly enforced in proceedings before an administrative board as they are in a court of law, and findings of a board will not be disturbed if such findings are supported by competent evidence, even though there be evidence that would support contrary findings and even though incompetent evidence may also have been admitted.

2. **Intoxicating Liquor § 2—**

The 1959 Amendment to G.S. 18-78.1 does not have the effect of requiring actual knowledge of the sale of beer to a minor by a licensee before his license may be revoked or suspended, since the word "knowingly" as used in the amendment refers only to permitting the consumption on the premises of a forbidden beverage and does not apply to the provisions relating to the selling, offering for sale, or possession of the beverages.

APPEAL by plaintiff, petitioner, from *Walker, S. J.,* April 20, 1964 Regular Non-Jury Civil Session, WAKE Superior Court.

Monroe S. Campbell, t/a Monroe's Drive-In, filed a petition for a judicial review of a final administrative decision of the State Board of Alcoholic Control suspending for 60 days his retail license to sell beer at his place of business at 1605 Bessemer Avenue, Greensboro.

The hearing officer, pursuant to written notice, held a hearing on October 23, 1962, at which numerous witnesses testified both for the Board and for the petitioner. The testimony is set out in the record. A school girl, 16 years of age, testified that on the night of September 15, 1962, at about 8:45 p.m., she purchased two king-size Budweiser beers from one of the curb boys at the Monroe Drive-In. Again, in about one hour, she returned to the Drive-In and purchased two more beers. She paid the curb boy 70 cents on each occasion after he delivered the beers to her parked automobile beside the drive-in. Her story was corroborated by a girl companion.

When the girl, somewhat intoxicated, returned home at 11:30 p.m., her father observed her condition, then contacted the police who conducted an investigation. The girls identified two of petitioner's curb service boys that delivered the beer and took the money.

The respondent offered testimony of the two boys whom the girls identified. Each denied he made any sale or that he was on duty during the night of September 15. There was other impressive evidence that neither of the boys was at work at the time the girls claimed to

have made the purchases. However, the girls' testimony was unequivocal.

The hearing officer made detailed findings of fact, among them, that the two curb boys identified by the girls sold the beer to a girl 16 years of age. There was evidence that this is the third offense charged against the petitioner. One of the prior hearings resulted in a reprimand, the other in a license suspension for 45 days. The hearing officer found (1) the petitioner's agents made the sale of beer to a girl 16 years of age; (2) the petitioner allowed improper practices on his licensed premises; and (3) failed to give the premises proper supervision. The State Board of Alcoholic Control approved the hearing officer's findings and ordered the petitioner's license suspended for 60 days.

On the petitioner's appeal to the Superior Court of Wake County, Judge Walker entered judgment that the rights of the petitioner have not been prejudiced; that the procedure followed is neither arbitrary nor capricious; and that the administrative findings are supported by competent evidence which in turn sustained the suspension order. The petitioner appealed.

*Hoyle, Boone, Dees & Johnson by J. Sam Johnson, Jr., for petitioner appellant.*

*T. W. Bruton, Attorney General, George A. Goodwyn, Staff Attorney for the State.*

HIGGINS, J.   The petitioner's counsel entered numerous objections to the admission of testimony before the hearing officer. Some of these objections would have merit in a court proceeding. For example: after the girl testified in detail about the purchase of the beer, her companion was permitted to corroborate her by saying she had heard that testimony and it was in accordance with her recollection. However, the rules of evidence before administrative boards permit more latitude than is customary in court proceedings. This Court has held that if there is any competent evidence to support a finding of fact by the administrative agency, such finding is conclusive on appeal, although the evidence would have supported a finding to the contrary. Even the introduction of incompetent evidence cannot be held prejudicial where the record contains sufficient competent evidence to support the findings. *Blalock v. Durham,* 244 N.C. 208, 92 S.E. 2d 758; *Gant v. Crouch,* 243 N.C. 604, 91 S.E. 2d 705.

In addition to the objections to the incompetency of evidence, the petitioner stressfully contends that Mr. Campbell had no actual knowl-

edge as to what went on and that such knowledge is made necessary by the 1959 amendment to G.S. 18-78.1 before he may be held responsible. He further contends that the amendment relaxed the statutory restrictions which this Court approved in *Boyd v. Allen,* 246 N.C. 150, 97 S.E. 2d 864. Comparison of the statute before and after the amendment does not require or permit the construction contended for by the petitioner. Before the amendment the section provided: "No holder of a license . . . or any servant, agent, or employee of the licensee, shall do any of the following upon the licensed premises: . . . (5) Sell, offer for sale, possess, or permit the consumption on the licensed premises of any kind of alcoholic liquors, the sale or possession of which is not authorized under his license."

After the amendment (Ch. 745, Session Laws of 1959), Subsection (5) reads: "Sell, offer for sale, possess, or knowingly permit the consumption on the licensed premises of any kind of alcoholic liquors the sale or possession of which is not authorized by law." Consequently, it appears by the punctuation that the word "knowingly" does not modify sell, offer for sale, or possess, but does modify "permit the consumption on the premises." The purpose obviously is to prevent the sale, offer to sell, possession, or knowingly permit the consumption on the premises of a forbidden beverage. The proprietor is responsible if he knowingly permits another to drink on his premises even if he carried his own beverage.

Judge Walker was correct in holding the findings of fact were supported by competent evidence which in turn sustained the order of revocation. The judgment is

Affirmed.