**FIRST NATIONAL BANK OF CATAW-BA COUNTY, Plaintiff,**

**v.**

**WACHOVIA BANK & TRUST COMPA-NY, N. A., and William B. Camp, Comptroller of the Currency of the United States, Defendants.**

**No. C-67-WS-71.**

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

April 15, 1971.

Hugh Cannon, of Sanford, Cannon, Adams & McCullough, Raleigh, N. C., for plaintiff.

John R. Jordan, Jr., of Jordan, Morris & Holt, Raleigh, N. C., for defendant, Wachovia Bank & Trust Company, N. A.

L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C., William L. Osteen, U. S. Atty., and Bradley J. Cameron, Asst. U. S. Atty., Greensboro, N. C., Harland F. Leathers and Jess H. Rosenberg, Attys., Dept. of Justice, Washington, D. C., C. Westbrook Murphy, John E. Shockey and John V. Austin, Attys., Office of the Comptroller of the Currency of the United States, for defendant, William B. Camp, Comptroller of the Currency of the United States.

## MEMORANDUM OPINION

EDWIN M. STANLEY, Chief Judge.

Plaintiff, First National Bank of Catawba County ("First National"), Hickory, North Carolina, seeks by this action to have declared invalid the approval of William B. Camp, Comptroller of the Currency of the United States ("Comptroller"), of an application of the defendant, Wachovia Bank & Trust Company, N. A. ("Wachovia"), of Winston-Salem, North Carolina, for permission to establish and operate a branch bank in the Hickory Plaza Shopping Center, Hickory, North Carolina. Plaintiff alleges that the approval is invalid because the Comptroller declined, in approving the establishment of the branch, to make the findings which North Carolina General Statute § 53–62(b) requires of the North Carolina Commissioner of Banks in approving branch applications by state banks.

Following the filing of the pleadings, the parties filed motions for summary judgment, alleging that there was "no genuine issue as to any material fact and that the moving party [was] entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. Lengthy briefs were filed, and the parties appeared before the Court and argued their respective contentions.

On March 4, 1970, Wachovia applied for permission to establish a branch in Hickory Plaza Shopping Center, Hickory, North Carolina. The plaintiff, First National, protested the application and requested a hearing, which took place on June 16, 17, 18 and 19, 1970, in Richmond, Virginia. The applicant and the protestant participated in the hearing and presented their views on the merits of the application. On February 22, 1971, the Comptroller filed a lengthy opinion approving the application. By agreement, the Comptroller has withheld his certificate authorizing the opening of the new branch pending a decision in this proceeding.

There are presently five commercial banks in the City of Hickory. Most of these banks have a number of branches. Catawba County, in which Hickory is located, had a population in 1970 of 90,-128. Some of the banks having branches in Hickory are among the largest in the State.

In his opinion, rendered on February 22, 1971, the Comptroller, in part, stated:

"Protestants have chosen to emphasize their arguments by referring to the portion of the North Carolina branching law which requires the State Commissioner of Banks, before approving a branch application, to find that the branch ' * * * will meet the needs and promote the convenience of the community * * *,' and that ' * * * the probable volume of business and reasonable public demand in such community are sufficient to assure and maintain the solvency of said branch * * *' Section 53–62(b), N.C.Gen.Stat. In effect, protestants urge that Wachovia's application does not meet these criteria and that the Comptroller thus is required to disprove it.

"The Comptroller, however, cannot, consistent with his statutory responsibilities under federal law, accept protestants' restrictive analysis of the factors which can and should affect his

determinations to grant or deny national bank branch applications.

"*The number and quality of existing banking institutions in the Hickory/Catawba County area lend considerable merit to protestants' basic contention that present banks conveniently serve the community. Indeed, competitive considerations aside, it would appear that the Hickory/Catawba County area has access to convenient banking facilities capable of meeting all present requirements with the possible exception of the specialized areas of international banking.*

\*  \*  \*  \*  \*  \*

"That reasoning is equally applicable here, but *it is unclear whether such competitive factors satisfy the North Carolina 'needs and convenience' test when, as contended by the protestants, the community already receives fine service from existing banks.*

\*  \*  \*  \*  \*  \*

"The Comptroller therefore *declines* here \* \* \* to make the findings required of the State Banking Commissioner by Section 53–62(b) of the North Carolina General Statutes." (Emphasis supplied.)

In light of the many authoritative decisions on the subject, it is difficult to understand why the Comptroller contends that, in considering applications for the establishment of branch banks by national banks, he is not bound by all state statutes, and continues to argue that he is only bound by "capital" and "location" restrictions of state laws.

In First Citizens Bank and Trust Company v. Camp, 281 F.Supp. 786 (E. D.N.C.1968), it is stated:

"\* \* \* For some unsatisfactorily explained reason, he [the Comptroller] insists, and spends a good portion of his brief arguing, that he is only bound by 'capital' and 'location' restrictions of State law in considering applications of national banks to establish branches. This argument is made in face of the recent decision of the Supreme Court in First National Bank of Logan, Utah v. Walker Bank and Trust Company, 385 U.S. 252, 87 S.Ct. 492, 17 L.Ed.2d 343 (1966), which specifically holds that 'national branch banking is limited to those States the laws of which permit it, and even there *"only to the extent that the State laws permit branch banking,"* ', and that the Comptroller is not permitted to 'pick and choose what portion of the law binds him.' (Emphasis supplied.) That the 'measuring stick of national branch banks is state law,' and that the Comptroller must 'look at all the State law on branch banking not just part of it,' is no longer arguable. Walker Bank and Trust Company v. Saxon, 10 Cir., 352 F.2d 90 (1965), affirmed First National Bank of Logan, Utah v. Walker Bank and Trust Company, 385 U.S. 252, 87 S.Ct. 492, 17 L.Ed.2d 343 (1966)."

In affirming the judgment of the district court, the Court of Appeals, in First-Citizens Bank and Trust Company v. Camp, 4 Cir., 409 F.2d 1086 (1969), stated:

"The Comptroller urges that in resorting to state law he is bound only by state capitalization and state location requirements, but he is not bound by North Carolina's 'need and convenience' and 'solvency of the branch' criteria. Support for this view is claimed in our previous decision in *First National Bank of Smithfield* [North Carolina v. Saxon, 352 F.2d 267 (4 Cir. 1965)]. We reject the contention. To the extent that *First National Bank of Smithfield* supports the Comptroller's argument, its authority has been vitiated by First Nat. Bank of Logan, Utah v. Walker Bank & Trust Co., 385 U.S. 252, 87 S. Ct. 492, 17 L.Ed.2d 343 (1966). Certiorari was granted in that case because of 'a conflict between [the decisions there reviewed] \* \* \* and the decision in *First National Bank of Smithfield* \* \* \*' with a holding

on the merits, that the views contrary to *First National Bank of Smithfield* should prevail and language in the opinion making the path we should follow here apparent. We, therefore, hold that the Comptroller was bound by North Carolina's 'need and convenience' and 'solvency of the branch' criteria." (Emphasis supplied.)

As is stated in the *First Citizens Bank* cases, the United States Supreme Court, in First Nat. Bank of Logan, Utah v. Walker Bank & Trust Co., 385 U.S. 252, 87 S.Ct. 492, 17 L.Ed.2d 343 (1966), specifically held that "national branch banking is limited to those States the laws of which permit it, and even there 'only to the extent that the State laws permit branch banking.'" It was further observed that the Comptroller's contention that he was permitted to "pick and choose what portion of the law binds him" was a strange argument.

In First National Bank in Plant City, Fla. v. Dickinson, 396 U.S. 122, 90 S.Ct. 337, 24 L.Ed.2d 312 (1969), the United States Supreme Court, while dealing with a slightly different problem, clearly reaffirmed its decision in the *Walker Bank* case.

The parties stipulated during the administrative hearing that the "solvency of the branch" criteria has been met, and that there is no question but that Wachovia has sufficient capital to authorize the establishment of the branch bank. Hence, the sole question for decision is whether the "need and convenience" criteria have been met. The answer must be in the negative.

Throughout his opinion, the Comptroller argues at great length as to why the pronouncements of the United States Supreme Court in the *Walker Bank* case and the holdings of the district court and the Court of Appeals in the *First Citizens Bank* case are unsound law and attempts to rationalize his reasons for ignoring these decisions. He specifically states that it is unclear as to whether the competitive factors present were sufficient to "satisfy the North Carolina

'needs and convenience' test when, as contended by the protestants, the community already receives fine service from existing banks." He ends his opinion by stating that he declines to make findings with respect to "needs and convenience" criteria "as required of the State Banking Commissioner by Section 53–62(b) of the North Carolina General Statutes." Having arbitrarily and capriciously elected to ignore clearly defined principles of law, it follows that the opinion of the Comptroller approving the application of Wachovia is a nullity and that he should be permanently enjoined from issuing a certificate to Wachovia authorizing the establishment of a branch bank in Hickory, North Carolina.

A judgment will be entered accordingly.