STATE OF NORTH CAROLINA ON RELATION OF THE BANKING COMMISSION, AND FIRST-CITIZENS BANK & TRUST COMPANY v. BANK OF ROCKY MOUNT

No. 7110SC213

(Filed 4 August 1971)

1. Administrative Law § 4; Banks and Banking § 1— decision by Banking Commission — members who have not heard all the evidence

Banking Commission chairman properly ruled that members of the Commission who had not heard all of the evidence and oral arguments could vote on an application to establish a branch bank provided those members had received transcripts of the proceedings prior to voting.

2. Evidence § 48— failure to find that witness is an expert

The Banking Commission did not err in allowing one of its members, the Commissioner of Banks, to give his opinion that the solvency of the protestant bank would not be materially affected by the approval of plaintiff's application to establish a branch bank, notwithstanding the Commissioner was not found to be an expert witness, where there is sufficient evidence in the record to show that the witness is an expert.

3. Banks and Banking § 1; Evidence § 49— foundation for opinion testimony

Sufficient foundation was laid for opinion testimony by the Commissioner of Banks that establishment of a branch bank by plaintiff would not materially affect the solvency of the protestant bank when the Commissioner testified that his opinion was based on "information that we have available to us in the files, and based on the reports of examination that we make of this bank."

4. Banks and Banking § 1— contention unsupported by record

Protestant bank's contention that a newspaper article was sent by mail to each member of the Banking Commission and considered by

the Commission in passing upon an application to establish a branch bank is unsupported by the record.

**5. Banks and Banking § 1— establishment of branch bank — sufficiency of evidence**

The evidence was sufficient to support findings and conclusions of the Banking Commission that the branch bank applied for by plaintiff is needed, and that its presence will not have a detrimental effect upon the solvency of existing banks in the community. G.S. 53-62.

APPEAL by defendant, Bank of Rocky Mount, from *Clark, Judge,* 3 December 1970 Session of Superior Court held in WAKE County.

On 19 September 1969, First-Citizens Bank & Trust Company filed an application to establish a branch bank in Rocky Mount, N. C. The application was opposed by existing banks in the community, one of which is the defendant Bank of Rocky Mount. On 30 October 1969, the Commissioner of Banks approved the application. Upon review of the approval by the Banking Commission, facts were found and conclusions of law entered on 21 January 1970 which approved and allowed the application. The protestant banks appealed to the Superior Court of Wake County, and on 1 May 1970, Bailey, Judge, sitting as an appellate court, remanded the application to the Banking Commission for the taking of additional evidence. After taking additional evidence, the Commission on 23 September 1970 made findings of fact and conclusions of law whereby it once again approved the application. The defendant Bank of Rocky Mount appealed to the Superior Court of Wake County.

From a judgment of Clark, Judge, affirming the Commission's findings and conclusions, the defendant appealed to this Court.

*Jordan, Morris and Hoke by John R. Jordan, Jr., and William R. Hoke for First-Citizens Bank & Trust Company, plaintiff appellee.*

*Sanford, Cannon, Adams & McCullough by Hugh Cannon, E. D. Gaskins, Jr., and Richard G. Singer for defendant appellant.*

HEDRICK, Judge.

[1] The defendant protestant first assigns as error the ruling of the Banking Commission chairman that members of the Commission who had not heard all of the evidence and oral arguments could vote on the application of First-Citizens provided that those members had received transcripts of the proceedings prior to voting.

In *Crawford v. Board of Education,* 275 N.C. 354, 168 S.E. 2d 33 (1969), our Supreme Court stated:

"While there are some decisions reaching a contrary result upon specific statutes involved, and not as a matter of due process, it is generally held that an administrative decision is not invalid merely because an officer who was not present when the evidence was taken made or participated in the decision, provided he considers and acts upon the evidence received in his absence. See Annot. 18 A.L.R. 2d 606, and cases cited therein."

The appellant concedes in its brief that members of the Commission were furnished copies of the transcript of the hearings held on 23 July and 5 August 1970. Exhibit F indicates that the transcripts were mailed to the members on 23 August 1970, a month before the vote was taken on 23 September 1970. This assignment of error is overruled.

[2] By assignment of error No. 2 the appellant contends that the Banking Commission committed prejudicial error by allowing one of its members, the Commissioner of Banks, to give his opinion during the hearing that the solvency of the protestant bank would not be materially affected by the approval of the application. Appellant argues first that the Commissioner was not tendered and accepted by the Commission as an expert witness. It is well settled that where there is sufficient evidence in the record to support a finding that the witness in question was an expert in his field, it will be presumed that the trial tribunal found the witness to be an expert, notwithstanding the absence of a specific finding to that effect. *Mills, Inc. v. Terminal, Inc.,* 273 N.C. 519, 160 S.E. 2d 735 (1968), and cases cited therein. The record is replete with evidence that the witness is an expert in his field.

[3] The appellant next argues that the witness was allowed to give his opinion without a proper foundation having been laid

as the basis thereof. Before stating his opinion, the witness tes-
tified that it was based on "information that we have available
to us in the files, and based on the reports of examination that
we make of this bank. . . . "

It should also be noted that the witness was called to testify
by the Commission itself, and not by one of the parties; and
that the protestant appellant was allowed to cross-examine the
witness. For the reasons stated above, this assignment of error
is overruled.

[4]   Appellant's third assignment of error is as follows:

"3. To the sending of a newspaper article denominated
Exhibit D entitled 'Statistics Covering Five-Year Period—
Chamber Report Shows Strong Economic Growth Here,'
to the Commission by mail, and the providing of a copy
to each member of the Commission and consideration of
such article by the Commission, for that these things were
done without the knowledge of the protestant and in viola-
tion of G.S. § 143-318."

This assignment of error is not supported by a proper
exception in the record. We are not directed to any place in the
record which would indicate that the Commission ever received
the article in question. Furthermore, assuming, *arguendo,* that
the article was sent to the Commission, there is nothing in the
record to indicate that the members of the Commission con-
sidered the article as stated by the appellant. This assignment
of error is without merit.

[5]   The remainder of appellant's assignments of error deal
primarily with its contention that the evidence is insufficient to
support the findings and conclusions of the Commission that
the branch bank applied for by First-Citizens is needed, and
that its presence will not have a detrimental effect upon the
solvency of existing banks in the community. G.S. 53-62 pro-
vides for the establishment of branch banks and reads in perti-
nent part: "Such approval shall not be given until he shall
find (i) that the establishment of such branch or teller's window
will meet the needs and promote the convenience of the com-
munity to be served by the bank, and (ii) that the probable
volume of business and reasonable public demand in such
community are sufficient to assure and maintain the solvency

of said branch or teller's window and of the existing bank or banks in said community."

In a proceeding such as this, the administrative agency is the finder of fact, and its findings and conclusions will not be disturbed if supported by competent evidence, even though there may be evidence which would support contrary findings and conclusions. *Campbell v. Board of Alcoholic Control,* 263 N.C. 224, 139 S.E. 2d 197 (1964).

We have carefully reviewed the record and conclude that the findings of the Commission are supported by competent evidence, and that the findings, in turn, support the conclusions of law. The judgment of the superior court affirming the action of the State Banking Commission is affirmed.

Affirmed.

Judges BROCK and MORRIS concur.