STATE OF NORTH CAROLINA ON RELATION OF THE BANKING COMMISSION, AND BRANCH BANKING AND TRUST COMPANY v. LEXINGTON STATE BANK

No. 7110SC113

(Filed 18 August 1971)

1. **Banks and Banking § 1— establishment of branch bank — findings and conclusions of Banking Commission**

    In a proceeding to establish two branch banks, the Banking Commission is the finder of fact and its findings and conclusions will not be disturbed on appeal if supported by competent evidence, even though there may be evidence which would support contrary findings and conclusions.

2. **Banks and Banking § 1— approval of two branch banks — sufficiency of evidence**

    Findings and conclusions of the Banking Commission in approving applications of a bank to establish two branches in the same city are supported by competent evidence.

3. **Banks and Banking § 1— applications to establish two branches — consolidated hearing**

    The fact that the Banking Commission consolidated for hearing two applications by a bank to establish two branches in the same city and made findings and conclusions applicable to both branches

does not of itself invalidate the Commission's order approving the applications.

Judge MORRIS concurs in the result.

Judge BROCK dissenting.

APPEAL by protestant, Lexington State Bank, from *Clark, Judge,* 14 September 1970 Session of Superior Court held in WAKE County.

On 15 January 1970, Branch Banking and Trust Company filed applications for authority to establish two branch banks in Lexington, N. C. The Commissioner of Banks thereafter filed with the State Banking Commission his approval of the applications.

The two applications were consolidated for hearing before the Banking Commission. At this hearing, Lexington State Bank lodged a protest against the establishment of the requested branches. After hearing the evidence of both the applicant and the protestant, the Banking Commission made findings of fact and conclusions of law approving the applications.

The protestant petitioned the Superior Court of Wake County for review of the Commission's action. In a judgment dated 25 September 1970, Judge Clark ratified and affirmed the action of the Commission. The protestant appealed.

*Carr & Gibbons by F. L. Carr; DeLapp, Ward & Hedrick by Hiram H. Ward for Branch Banking and Trust Company, plaintiff appellee.*

*Jordan, Morris and Hoke by John R. Jordan, Jr., and William R. Hoke; Walser, Brinkley, Walser & McGirt by Walter F. Brinkley for defendant appellant.*

HEDRICK, Judge.

By its three assignments of error, the appellant contends the superior court erred in affirming the findings of fact and order of the Banking Commission and in finding and concluding that the decision of the Banking Commission, approving the two applications of Branch Banking and Trust Company to

establish two branches in Lexington, North Carolina, is supported by competent, material and substantial evidence upon the entire record, and by not finding and concluding that the decision of the Commission was arbitrary and capricious.

G.S. 53-62, in pertinent part, provides:

"Such approval shall not be given until he shall find (i) that the establishment of such branch or teller's window will meet the needs and promote the convenience of the community to be served by the bank, and (ii) that the probable volume of business and reasonable public demand in such community are sufficient to assure and maintain the solvency of said branch or teller's window and of the existing bank or banks in said community."

[1] In a proceeding such as this, the administrative agency is the finder of fact, and its findings and conclusions will not be disturbed if supported by competent evidence, even though there may be evidence which would support contrary findings and conclusions. *Campbell v. Board of Alcoholic Control*, 263 N.C. 224, 139 S.E. 2d 197 (1964) ; State of North Carolina On Relation of the Banking Commission, and *First-Citizens Bank & Trust Company v. Bank of Rocky Mount*, 12 N.C. App. 112, 182 S.E. 2d 625 (1971).

[2, 3] The Commission's findings and conclusions are supported by competent evidence in the record. The fact that the Commission consolidated the two applications for hearing, and made findings and conclusions applicable to both branches, does not of itself invalidate the order approving the applications.

In our opinion, the Commission's experience, technical competence, and specialized knowledge enabled it to analyze and evaluate all the evidence in arriving at its findings and conclusions.

We hold that the action of the Commission is not arbitrary and capricious, for the findings and conclusions are supported by competent evidence.

The order appealed from is

Affirmed.

---

---

Judge MORRIS concurs in the result.

Judge BROCK dissents.

Judge BROCK dissenting.

It does not cause me concern that Branch Banking and Trust Company elected to file, at the same time, two applications for separate full service branches to be established in Lexington. Also, it does not cause me concern that the Banking Commission permitted a consolidated hearing upon the two applications. However, each application should stand on its own bottom, and the evidence must support findings by the Commission that each branch meets the criteria established by G.S. 53-62 without one leaning upon the other for support.

The Legislature clearly spoke in the singular when it provided that approval for the establishment of a branch shall not be given until it is found (1) that the establishment of *such branch* will meet the needs and promote the convenience of the community, and (2) that the probable volume of business and reasonable public demand in such community are sufficient to assure and maintain the solvency of *said branch.* G.S. 53-62. Whether the statutory criteria are adequate or inadequate is a matter for the Legislature. It is the function of the Commission and the courts to apply the standards created by the Legislature and not some standard that might seem more expedient at the moment.

In this case the Commission merely found and concluded in the aggregate, apparently treating the two full service branches as a composite unit. From the findings and conclusions of the Commission it is conceivable that one branch meets the needs and convenience of the community, that the other branch does not; but that, when considered as a composite unit, the two branches together do. In a like manner it is conceivable that maintaining the solvency of one of the branches is assured, while it is not assured as to the other; but that, when considered as a composite unit, the solvency of the two is assured. In both examples the inadequacy of one branch is buttressed by the extra strength of the other. It seems to me that such a result is precisely what the Legislature intended to prevent.

Also, although the Commission does not articulate the theory, it seems clear that it has been strongly influenced in

its opinion by, and has laid stress upon, the excellent and more than adequate solvency of the entire organization of Branch Banking and Trust Company. Upon the strength of Branch Banking and Trust Company it has concluded that the solvency of the proposed branches is assured. If this is the proper test I would certainly agree that the management and financial stability of Branch Banking and Trust Company is sufficient to assure the solvency of the two proposed branches even if both proposed branches consistently operated at a loss.

I recognize that the Federal Court adopted the view that the solvency requirement of G.S. 53-62 was satisfied by the solvency of an entire organization. *First-Citizens Bank & Trust Co. v. Camp,* 409 F. 2d 1086 (4th Circuit). However, I do not agree that such an interpretation correctly reflects the intent of our Legislature. It appears to me that our Legislature intended for the need and volume of business to be such that the ability of each branch to maintain its own solvency is reasonably assured. Otherwise the statute has little regulatory effect.

I vote to reverse and remand for definitive findings by the Commission as to each individual branch with respect to the need and convenience test and the solvency test.