448 F.2d 637
 FIRST NATIONAL BANK OF CATAWBA COUNTY, Appellee,
v.
WACHOVIA BANK AND TRUST COMPANY, N.A., Appellant.
FIRST NATIONAL BANK OF CATAWBA COUNTY, Appellee,
v.
William B. CAMP, Comptroller of the Currency of the United States, Appellant.
 No. 71-1489.
 No. 71-1490.
 United States Court of Appeals, Fourth Circuit.
 Argued August 25, 1971.
 Decided September 14, 1971.
 
 John R. Jordan, Jr., Raleigh, N. C. (Jordan, Morris & Hoke, and William R. Hoke, Raleigh, N. C., on brief), for Wachovia Bank and Trust Co.
 C. Westbrook Murphy, Washington, D. C. (John E. Shockey, Atty., Office of the Comptroller of the Currency, L. Patrick Gray, III, Asst. Atty. Gen., William D. Appler, Walter H. Fleischer, Attys., Dept. of Justice, Washington, D. C., and William L. Osteen, U. S. Atty., on brief), for William B. Camp.
 Hugh Cannon, Raleigh, N. C. (Sanford, Cannon, Adams & McCullough and E. D. Gaskins, Jr., Raleigh, N. C., on brief), for appellee.
 Charles T. Hagan, Jr., Robert G. Baynes, and Adams, Kleemeier, Hagan, Hannah & Fouts, Greensboro, N. C., and Eugene J. Metzger, Barbara-Cherrix O'Leary and Metzger, Schwarz, McKenna & Kempler, Washington, D. C., on brief, for amici curiae.
 Before SOBELOFF, Senior Circuit Judge, and WINTER and RUSSELL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The district judge, D.C., 325 F.Supp. 523, enjoined the Comptroller of the Currency from issuing a certificate to Wachovia Bank and Trust Company, N. A. evidencing approval of the establishment of a branch bank in the Hickory Plaza Shopping Center, Catawba County, North Carolina, and enjoined Wachovia from opening the branch. Relief was granted because of the Comptroller's express declination to make the findings required by N.C.G.S. § 53-62 (b) which, in First-Citizens Bank and Trust Company v. Camp, 409 F.2d 1086 (4 Cir. 1969), we held he was required to make in order to permit the establishment of a branch bank in North Carolina. The Comptroller and Wachovia appeal, and we affirm.
 
 
 2
 In addition to requesting us to reconsider our decision in First-Citizens, the Comptroller advances as a ground for reversal the argument that he is not bound to consider the North Carolina "need and convenience" test for the establishment of a branch bank, because it is his duty to exercise his discretion under federal law to permit the establishment of branch banks in the light of federal policies expressed in the federal antitrust statutes to foster competition; and he has concluded that "[t]he entry of Wachovia * * * into the Hickory/Catawba County area * * will bring another strong and able competitor to the Hickory banking market * * * [and] will stimulate the existing banks to maintain and improve their services in an effort to maintain their market shares." The short answer to this contention is that we perceive no conflict between the policies of the federal antitrust statutes and the North Carolina "need and convenience" test for the establishment of a branch bank, particularly where, as here, the Comptroller has also found that "[t]here is no evidence that Wachovia's entry will damage the stability of any banks in the area." See North Carolina ex rel. Banking Commission v. Bank of Rocky Mount, N.C. App., 182 S.E.2d 625 (1971).
 
 
 3
 We reaffirm our holding in First-Citizens. See, as additional support, First National Bank in Plant City v. Dickinson, 396 U.S. 122, 130, 131, 90 S.Ct. 337, 24 L.Ed.2d 312 (1969). And we reiterate that the Comptroller "was bound by North Carolina's `need and convenience' and `solvency of the branch' criteria" as set forth in § 53-62(b). 409 F.2d at 1091. From this it follows, as the district judge concluded, that when the Comptroller expressly declined to make the findings required by § 53-62(b), although he made numerous other findings, he acted arbitrarily and capriciously in approving Wachovia's application to establish a branch in the Hickory Plaza Shopping Center; and his action was correctly enjoined.
 
 
 4
 Affirmed.