STATE OF NORTH CAROLINA ON RELATION OF THE BANKING COMMISSION, AND THE NORTHWESTERN BANK v. AVERY COUNTY BANK

No. 7210SC78

(Filed 26 April 1972)

1. Banks and Banking § 1— establishment of branch bank — needs of the community

There is no merit in defendant's contention that G.S. 53-62(b) requires an applicant for a branch bank to establish the existence of a specific unmet banking need which existing banks are unable or unwilling to provide as a prerequisite to the establishment of a new facility.

2. Banks and Banking § 1— establishment of branch bank — needs and convenience of community — administrative decision

What "will meet the needs and promote the convenience" of the community is, to a substantial degree, an administrative question involving a multiplicity of factors which cannot be given inflexible consideration.

3. Banks and Banking § 1— establishment of branch bank — sufficiency of evidence and findings

The findings and conclusions of the Banking Commission were supported by competent evidence and were sufficient to support its approval of an application to establish a branch bank.

Judge BROCK concurs in result.

APPEAL by defendant from *Hall, Judge,* 2 August 1971 Session of WAKE Superior Court.

The Northwestern Bank applied to the State Banking Commission for permission to establish a branch in Newland in Avery County. Avery County Bank protested the application.

After due investigation and hearing the Commission approved the application. Avery County Bank appealed to the Superior Court. On review, Judge Hall entered judgment affirming the decision of the Banking Commission. Avery County Bank appealed.

*Teague, Johnson, Patterson, Dilthey and Clay by Grady S. Patterson for plaintiff appellee.*

*Sanford, Cannon, Adams and McCullough by Hugh Cannon and E. D. Gaskins, Jr. for defendant appellant.*

VAUGHN, Judge.

[1]  Among other things, G.S. 53-62 (b) provides that the Commissioner shall not approve the establishment of a branch bank until " . . . he shall find (i) that the establishment of such branch or teller's window will meet the needs and promote the convenience of the community to be served . . . . " We concede that this may be considered a somewhat nebulous criteria. The word "need," however, is a relative term. Its meaning, within reasonable limits, varies with the circumstances of its use. Appellant, arguing that the standard is closely akin to the familiar "public convenience and necessity" standard of public utility law, urges that an applicant must establish the existence of a specific unmet banking need, which existing banks are unable or unwilling to provide, as a prerequisite to the establishment of a new facility. We reject this contention as unsound. Differences between the operation of public utilities and the business of banking are so patent as not to require discussion and so are the differences in the public interest which prompts their respective regulation by separate commissions on the hypothesis that each commission possesses a high degree of specialized competence.

[2]  In at least one respect, however, the nature of the problem is similar. With respect to public utilities, it has been said that " . . . what constitutes 'public convenience and necessity' is primarily an administrative question with a number of imponderables to be taken into consideration . . . . " *Utilities Commission v. Trucking Co.,* 223 N.C. 687, 28 S.E. 2d 201. With respect to banking, what will serve the needs of the community is also, to a substantial degree, and administrative question involving a multiplicity of factors which cannot be given inflexible

consideration. This is not to say that the Banking Commission has untrammeled discretion in determining what "will meet the needs and promote the convenience" of the community. Nor do we hold, absent some indication that additional competition is desirable, that merely offering to provide alternative banking services is sufficient under the statute.

[3] We do not deem it necessary to review the evidence considered by the Banking Commission in the present case. It is sufficient to say that the essential findings and conclusions of the Commission are supported by competent evidence. It is clear to us that the Commission candidly and in detail considered reasonable criteria. The findings and conclusions are sufficient to support the order. We have carefully considered all of appellant's assignments of error and argument in support thereof. We hold that Judge Hall did not err in affirming the order.

Affirmed.

Judge HEDRICK concurs.

Judge BROCK concurs in result.