STATE OF NORTH CAROLINA ON RELATION OF THE BANKING COMMISSION, AND FIRST-CITIZENS BANK & TRUST COMPANY v. CABARRUS BANK & TRUST COMPANY AND FIRST NATIONAL BANK OF ALBEMARLE

No. 7210SC291

(Filed 28 June 1972)

1. Banks and Banking § 1— establishment of branch bank — prerequisites
    G.S. 53-62(b) does not require that an applicant bank establish the existence of specific, unmet banking needs as a prerequisite to the establishment of a branch bank.

2. Banks and Banking § 1— approval of branch bank — sufficiency of evidence
    There was sufficient evidence to support the findings and conclusions of the Banking Commission in approving an application to establish a branch bank, and approval of the application was not arbitrary, capricious and in excess of statutory authority.

APPEAL by defendants from *Bailey, Judge,* in chambers in Raleigh, N. C., on 12 November 1971.

Plaintiff First-Citizens Bank & Trust Company, a state chartered bank (First-Citizens), applied to the Commissioner of Banks (Commissioner) and the State Banking Commission (Commission) for authority to establish a branch bank in Albemarle, North Carolina. The commissioner recommended that the branch be approved and the commission approved the application. Cabarrus Bank & Trust Company and First National Bank of Albemarle, the protestant banks, appealed the case to superior court. Following a hearing the superior court affirmed the decision of the commission approving the application and the protestant banks appealed.

*Ward, Tucker, Ward & Smith by David L. Ward, Jr., and J. Troy Smith, Jr., for plaintiff appellee, First-Citizens Bank & Trust Company.*

*Sanford, Cannon, Adams & McCullough by Hugh Cannon and E. D. Gaskins, Jr., for defendant appellants.*

BRITT, Judge.

[1] Appellants contend that G.S. 53-62(b) requires that an applicant bank establish the existence of specific, unmet banking needs as a prerequisite to the establishment of a branch bank. We do not agree with this contention.

Appellants' contention relates to the "meet the needs and promote the convenience of the community" proviso of G.S. 53-62(b). This contention was expressly disavowed by this court in the recent decision rendered in *Banking Comm. v. Bank,* 14 N.C. App. 283, 188 S.E. 2d 9 (1972), and the reasoning applied in that case applies equally to this case. In that case the court said: "With respect to banking, what will serve the needs of the community is also, to a substantial degree, an administrative question involving a multiplicity of factors which cannot be given inflexible consideration."

Our decisions find support in the case of *First-Citizens Bank & Trust Company v. Camp,* 409 F. 2d 1086 (1969). In that case the court held, *inter alia,* that the Comptroller of the Currency in authorizing branch offices of national banks in North Carolina is bound by the "need and convenience" and "solvency of the branch" criteria of North Carolina law, G.S. 53-62(b). With respect to applying "need and convenience," the court said, page 1091: "In considering whether the Comp-

troller properly construed and applied North Carolina's 'need and convenience' and 'solvency of the branch' criteria, we note at the outset the absence of any definitive State interpretation of these nebulous concepts." The court continued at 1093: ". . . (W)e underscore that neither the North Carolina statute nor any decided cases provides any degree of specificity as to the factors, proof of which would show the presence or absence of 'need and convenience' for a new branch bank. . . . Nor do we find error in the Comptroller's failure to make definitive specific findings with regard to the service area, economic feasibility, public needs, and quality and quantity of existing service."

[2] Appellants contend that there is insufficient evidence to support the findings and conclusions of the commission and that the approval of the application was arbitrary, capricious and in excess of statutory authority. These same contentions were rejected by this court in *Banking Comm. v. Bank*, 12 N.C. App. 112, 182 S.E. 2d 625 (1971) and no useful purpose would be served in restating the reasoning set forth there. We find nothing in the case at bar to distinguish it from the other cases in which this court upheld the commission's approval for branch banks. See *First-Citizens Bank & Trust Company v. Camp*, *supra*; *Banking Comm. v. Bank*, 14 N.C. App. 283, 188 S.E. 2d 9 (1972) ; *Banking Comm. v. Bank*, 12 N.C. App. 232, 182 S.E. 2d 854 (1971), reversed and remanded, 281 N.C. 108, 187 S.E. 2d 747 (1972) for failure to consider two branches of same bank separately; *Banking Comm. v. Bank*, 12 N.C. App. 112, 182 S.E. 2d 625 (1971).

We have carefully considered the other contentions asserted by appellants but likewise find them to be without merit. Our thorough review of the record impels the conclusion that the findings of the commission are supported by competent, material and substantial evidence, which findings fully support the conclusions of law.

The judgment appealed from is

Affirmed.

Chief Judge MALLARD and Judge CAMPBELL concur.