NATIONAL FOOD STORES, T/A BIG BEAR SUPER MARKET, PETITIONER, v. NORTH CAROLINA BOARD OF ALCOHOLIC CONTROL, RESPONDENT.

(Filed 14 December, 1966.)

**1. Intoxicating Liquor § 2—**

The fact that an employee of a licensee on a single occasion sold beer to a 17 year old boy does not establish the failure of the licensee to give the licensed premises proper supervision.

**2. Statutes § 5—**

Where one statute deals with the subject matter in detail with reference to a particular situation and another statute deals with the same subject matter in general and comprehensive terms, the particular statute will be construed as controlling in the particular situation unless it clearly appears that the General Assembly intended to make the general act controlling in regard thereto, especially when the particular statute is later enacted.

**3. Intoxicating Liquor § 2—**

G.S. 18-90.1(1) and G.S. 18-78.1(1) will be construed together and harmonized to give effect to a consistent legislative policy, and, so construed, the specific provisions of G.S. 18-78.1(1) prevail over the general provisions of 18-90.1(1) in regard to the sale at retail of beer and wine under a license from the A.B.C. Board.

**4. Same—**

Under the provisions of G.S. 18-78.1(1) the sale of beer or wine to a person under 18 years of age by a licensee or an employee of a licensee is ground for the suspension or revocation of the license only if the sale was knowingly made to such minor, and therefore evidence that an employee of the licensee sold beer on a single occasion to a 17 year old boy, without any evidence that the employee or the licensee knew the boy to be under 18 years of age, will not support order of the A.B.C. Board suspending the license. *Campbell v. Board of Alcoholic Control*, 263 N.C. 224, overruled to the extent of any conflict.

**5. Same—**

The fact that the A.B.C. Board proceeds under G.S. 18-90.1 instead of G.S. 18-78.1 in suspending a license to sell beer and wine cannot affect the rights of the parties and does not authorize the A.B.C. Board to suspend the license for violation of G.S. 18-90.1.

APPEAL by respondent from *Hubbard, J.,* 17 August 1966, Second August Non-Jury Assigned Civil Session of WAKE.

This proceeding was initiated by a petition for a judicial review, under G.S. 143-306 *et seq.,* of a final administrative decision by the North Carolina Board of Alcoholic Control suspending for a period of 45 days petitioner's off-premise retail beer permit #H-589 and off-premise 20% wine permit #H-4488 for its store situate at 4649 West Market Street, Greensboro, North Carolina.

On 24 February 1966 the North Carolina Board of Alcoholic Control, by Ray B. Brady, Director, notified petitioner by letter as follows: "This Board has information indicating that you violated the State Alcoholic Beverage Control laws and/or regulations by: 1. Selling and/or allowing the sale of beer to Bill Aycock, a minor (person under eighteen years of age) on your retail licensed premises on or about February 2, 1966 at 1:00 p.m. in violation of G.S. 18-90.1(1). 2. Failing to give your retail licensed premises proper supervision on or about February 2, 1966 at 1:00 p.m. G.S. 18-78." This letter notified petitioner to appear before the hearing officer of the North Carolina Board of Alcoholic Control on a certain date at a certain place to show cause why petitioner's beer and wine permits should not be revoked or suspended.

At the time and place fixed in this letter, Charles A. Dandelake, Assistant Director for the North Carolina Board of Alcoholic Control, held a hearing, when considerable evidence was offered by petitioner and respondent. The evidence is set out in the record before us. These are the crucial findings of fact made by Dandelake: William McAlpin Aycock, III, 17 years of age; Richard Lee Ketcham, 16 years of age; and Donald Evers, 16 years of age, on Wednesday, 2 February 1966, were in the tenth grade of a public school in the city of Greensboro. About 1 p.m. on this date these three boys went in an automobile to a store of petitioner located at 4649 West Market Street in Greensboro. The three of them chipped in to buy some beer. Aycock got out of the automobile, went into the store where beer is kept, got a "six-pak" containing 12-ounce size cans of Pabst Blue Ribbon beer, went to one of the check-out counters being operated by a white woman, paid her one dollar and sixty some cents for this beer, then left, and went to the car. When Aycock paid for the beer at the check-out counter, this white woman did not ask him for any identification. Aycock at the time was 5 feet 10

inches tall and weighed 130 pounds. He left the store and got in the automobile with the other two boys. They picked up another boy. The four of them drank the beer and returned to school. Aycock's testimony was corroborated by the testimony of Ketcham and Evers. Upon their return to school, two of the teachers smelled the odor of alcohol on Aycock's breath and turned him over to the assistant principal, Robert Glenn. Aycock told the assistant principal where they had purchased the beer and who was with him. The assistant principal contacted the police department, which conducted an investigation. On 7 February 1966 Aycock was carried by the police to respondent's store, and he pointed out the white woman who sold him the beer. This woman did not remember selling him any beer, but she did not deny selling him beer. The white woman identified by Aycock as the woman who sold him the beer testified she has always tried and checked persons very closely as to their age. Jonas W. Hill, manager of petitioner's store, testified that all of his check-out girls have been warned many times about checking minors or anyone looking to be under 21 years of age, and that he has observed the woman identified by Aycock on several occasions taking beer back when young-looking persons did not have the proper identification with them. The hearing commissioner further found as a fact that this is the first hearing offense against petitioner at this location, that this petitioner at this location has not received any written warnings, and that its beer and wine permits were issued to petitioner at this location on 27 February 1964. Based upon his findings of fact, Dandelake concluded that petitioner did allow the sale of beer to Aycock, a person under 18 years of age, on their retail licensed premises on 2 February 1966, in violation of G.S. 18-90.1 (1); and that petitioner did fail to give their retail licensed premises proper supervision on 2 February 1966 by allowing the sale of beer to a minor, in violation of G.S. 18-78. Whereupon, he recommended to the North Carolina Board of Alcoholic Control that the beer and wine permits of petitioner at 4649 West Market Street, Greensboro, North Carolina, be suspended for a period of 45 days.

On 5 April 1966 the North Carolina Board of Alcoholic Control rendered a final administrative decision reviewing and approving the findings of fact of Dandelake as its own, and approved the recommendation of the Assistant Director, Dandelake. Whereupon, the North Carolina Board of Alcoholic Control suspended petitioner's retail beer and wine permits for a period of 45 days effective 19 April 1966.

On 19 April 1966 C. W. Hall, presiding judge of the Superior Court of Wake County, upon petitioner's petition stayed the order

of the North Carolina Board of Alcoholic Control suspending the retail beer and wine permits of petitioner, pending a hearing on the petition filed for judicial review of the final administrative decision of respondent.

On petitioner's appeal to the Superior Court of Wake County, Judge Hubbard, after examining, reviewing, and considering the final administrative decision of respondent, and the record and the evidence upon which the final administrative decision rests, concluded as a matter of law that there is no evidence in the record to show that petitioner's employee knowingly sold beer to a minor under 18 years of age, and that there is no competent evidence to support the order complained of by petitioner. Whereupon, he ordered and decreed that the order entered by respondent on 5 April 1966 suspending petitioner's retail beer and wine permits for 45 days be, and it hereby is, vacated, and the respondent shall pay the costs. From this judgment, respondent appealed to the Supreme Court.

*Attorney General T. W. Bruton and Assistant Attorney General George A. Goodwyn for respondent appellant.*

*Purrington, Joslin, Culbertson & Sedberry by Charles H. Sedberry for petitioner appellee.*

PARKER, C.J.   There is not a scintilla of evidence in the record before us that petitioner "did fail to give their retail licensed premises proper supervision on February 2, 1966, by allowing the sale of beer to a minor in violation of G.S. 18-78," as concluded by the hearing officer, and as approved by respondent in its order. Surely, a sale of beer on one occasion to a minor under the circumstances here is not a failure to give the licensed premises proper supervision.

We have two statutes prohibiting the sale of beer to a minor under 18 years of age.

G.S. 18-90.1 provides in relevant part: "It shall be unlawful for: (1) Any person, firm or corporation to sell or give any of the products described in G.S. 18-64 and G.S. 18-60 to any minor under eighteen (18) years of age." Pabst Blue Ribbon beer is included in the description in G.S. 18-64. G.S. 18-90.1 as quoted above was enacted in the 1933 Session of the General Assembly in substantially the same words as quoted above. Public Laws of North Carolina, Session 1933, Ch. 216, Section 8, was codified as Section 3411(kk) in the 1933 supplement to the North Carolina Code of 1931; codified as the same section in the North Carolina Code of 1935; and codified in substantially the same language as G.S. 18-90.1, General Statutes of North Carolina 1959. The 1959 Session of the General

Assembly rewrote G.S. 18-90.1 in the form it now appears in G.S. 18-90.1, which is substantially as it was written by the 1933 General Assembly, and added Section 2 which appears in G.S. 18-90.1 which makes it unlawful for any minor under 18 years of age to purchase any of the products described in G.S. 18-64 and G.S. 18-60.

G.S. 18-78.1 reads in relevant part as follows: "No holder of a license authorizing the sale at retail of beverages, as defined in Section 18-64, and Article 5, for consumption on or off the premises where sold, or any servant, or agent or employee of the licensee, shall do any of the following upon the licensed premises: (1) Knowingly sell such beverages to any person under eighteen (18) years of age. . . ." Section (1) quoted above was enacted by the General Assembly in 1943 in substantially the same language as it is codified in G.S. 18-78.1(1). 1943 Session Laws of North Carolina, Ch. 400, Section 6. The statute enacted by the General Assembly in the 1943 Session was amended by the General Assembly in the 1945 Session, the 1949 Session, the 1959 Session, and the 1963 Session (as appears at the end of the statute codified as G.S. 18-78.1), but none of these amendments are relevant here. .

G.S. 18-90.1(1) is a general statute which makes it unlawful for *any person, firm or corporation to sell or give* beer to any minor under 18 years of age. The words *knowingly sell* have never appeared in this statute since its original enactment in 1933. G.S. 18-78.1(1) is a special statute which prohibits the holder of a license authorizing the sale of beer for consumption on or off the premises where sold, or any servant, or agent or employee of the licensee, to *knowingly sell* beer to any person under 18 years of age. The words *knowingly sell* beer to any minor under 18 years of age have been in this statute from the date of its original enactment in the 1943 General Assembly until the present day. It would seem reasonable to assume that any holder of a license authorizing the sale at retail of beer and wine, and who is engaged in such business selling beer and wine by its employees, particularly in a large supermarket, runs a greater risk of selling beer or wine at retail by inadvertance or mistake to a minor under the age of 18 years than a person or corporation not coming within the specific provisions of G.S. 18-78.1, and that is the reason the General Assembly placed in G.S. 18-78.1(1) the words *knowingly sell*. The relevant part of G.S. 18-78.1(1) was enacted ten years after the relevant part of G.S. 18-90.1(1). .

This is said in 82 C.J.S., Statutes, § 369, pp. 839-43:

> "Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way,

the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, according to the authorities on the question, unless it appears that the legislature intended to make the general act controlling; and this is true *a fortiori* when the special act is later in point of time, although the rule is applicable without regard to the respective dates of passage."

It seems clear that the General Assembly did not intend to make the general act, to wit, G.S. 18-90.1(1), controlling in all cases of selling beer or wine to a minor under 18 years of age, "and this is true *a fortiori* when the special act," G.S. 18-78.1(1), was ten years later in point of time. It is our opinion that reading G.S. 18-90.1(1) and G.S. 18-78.1(1) together they can be harmonized with a view to giving effect to a consistent legislative policy by holding, as we do, that the specific provisions of G.S. 18-78.1(1) prevail over the general provisions of G.S. 18-90.1(1), in providing that "no holder of a license authorizing the sale at retail of beverages, as defined in § 18-64, and article 5, for consumption on or off the premises where sold, or any servant, or agent or employee of the licensee, shall . . . *knowingly sell* such beverages to any person under eighteen (18) years of age," (Emphasis ours.) and that in all other cases not included in the specific provisions of G.S. 18-78.1(1), the general provisions of G.S. 18-90.1(1) make unlawful the *mere selling or giving* of any of the products described in G.S. 18-64 and G.S. 18-60 to any minor under 18 years of age.

The Attorney General in his brief contends that the North Carolina Board of Alcoholic Control in its letter to petitioner charged a violation of G.S. 18-90.1(1), not G.S. 18-78.1(1); that the hearing officer found a violation by petitioner of G.S. 18-90.1(1), which was approved by respondent; and that G.S. 18-90.1(1) does not require "that knowledge be proven." He states in his brief: "Moreover, under G.S. 18-78(d), the Board of Alcoholic Control, among other powers, possesses the power to '. . . revoke or suspend the State permit of any licensee for a violation of the provisions of this article or of any rule or regulation adopted by the said Board . . .' G.S. 18-90.1 is within the same article as G.S. 18-78, to wit, Article 4." The fact that respondent charged a violation of the wrong statute, that the hearing officer found a violation of the wrong statute, which was approved by respondent, does not support respondent's order suspending petitioner's retail beer and wine permits for a period of 45 days.

There is no evidence in the record before us that petitioner *knowingly sold* beer to William Aycock, a minor under 18 years of age. The Attorney General states in his brief: "At the threshold, the appellant will admit that there was no finding by either the Hearing Officer or the Board, that the petitioner, through his employee, *knowingly* sold beer to the minor, William Aycock, age 17. What the Board did find was the permittee, through his agent, allowed the sale of beer to a minor (under eighteen years of age) on the licensed premises." The judgment of the court below overruling respondent's assignments of error, vacating the order entered by respondent suspending petitioner's retail beer and wine permits for 45 days, and taxing respondent with the cost, was correct, and is affirmed.

The respondent in its brief relies upon *Boyd v. Allen,* 246 N.C. 150, 97 S.E. 2d 864. That case is not in point. Petitioner had a retail beer permit and had a drive-in curb service. A curb boy employee of petitioner sold an ABC investigator a half gallon jar of non-taxpaid whisky and arranged to sell him a case of whisky, and after closing hours another curb boy sold the same investigator a can of beer, which he drank on the premises. It did not involve the sale of any intoxicants to a minor under 18 years of age. The respondent relies upon *Campbell v. Board of Alcoholic Control,* 263 N.C. 224, 139 S.E. 2d 197. That case insofar as it conflicts with this case is overruled.

Affirmed.