STATE OF NORTH CAROLINA v. TORRENCE DALE LEEPER

No. 8219SC151

(Filed 19 October 1982)

**Robbery § 6.1— guilty plea to armed robbery—sentencing hearing—only mitigating factors—mandatory sentence of at least 14 years**

    Where a defendant was charged with armed robbery, and upon a plea of guilty, the court conducted a sentencing hearing and entered a judgment containing a finding of four factors in mitigation and no factors in aggravation of

punishment, the trial court did not err in ruling that a fourteen year term was required by G.S. 14-87(d) and could not be reduced by the mitigating factors recognized under the Fair Sentencing Act. G.S. 15A-1340.1 through 15A-1340.7 and G.S. 15A-1444.

Judges ARNOLD and WHICHARD concurring.

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 18 January 1982 in Superior Court, CABARRUS County. Heard in the Court of Appeals 15 September 1982.

Defendant was charged by bill of indictment with the armed robbery of a convenience store. Upon a plea of guilty, the court conducted a sentencing hearing and entered a judgment containing a finding of four factors in mitigation and no factors in aggravation of punishment. Defendant was then sentenced to the minimum term of 14 years pursuant to G.S. 14-87(d). The court also recommended work release and study release. Defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Lucien Capone, III, for the State.*

*Carroll & Scarbrough by James E. Scarbrough, for the defendant.*

MARTIN (Robert M.), Judge.

The question presented by this appeal is whether the court erred in ruling that the fourteen year term required by N.C. Gen. Stat. 14-87(d) (1981) could not be reduced by the mitigating factors recognized under the Fair Sentencing Act.

Prior to entry of judgment the trial court ruled that the minimum 14 year sentence was mandatory for all offenses of armed robbery committed on or after July 1, 1981 and that the minimum sentence could not be reduced by mitigating factors pursuant to the Fair Sentencing Act, N.C. Gen. Stat. 15A-1340.1 — 1340.7 (Supp. 1981). Defendant appealed under N.C. Gen. Stat. 15A-1444 (Supp. 1981). We affirm the judgment of the trial court.

N.C. Gen. Stat. 14-87(a) provides that persons who commit the crime of armed robbery " . . . shall be guilty of a Class D felony." Defendant contends that this language indicates a legislative intent to make the Fair Sentencing Act applicable to

armed robbery. That Act provides that the presumptive term must be imposed unless, after consideration of aggravating or mitigating factors, or both, the sentencing judge decides to impose a shorter or longer term. N.C. Gen. Stat. 15A-1340.4(a). N.C. Gen. Stat. 15A-1340.4(f)(2) further provides that "[u]nless otherwise specified by statute," Class D felonies carry a presumptive sentence of 12 years.

N.C. Gen. Stat. 14-87(d) provides that:

*Notwithstanding any other provision of law,* with the exception of persons sentenced as committed youthful offenders, a person convicted of robbery with firearms or other dangerous weapons shall serve a term of not less than seven years in prison, excluding gain time granted under G.S. 148-13. *A person convicted of robbery with firearms or other dangerous weapons shall receive a sentence of at least 14 years in the State's prison* and shall be entitled to credit for good behavior under G.S. 15A-1340.7. The sentencing judge may not suspend the sentence and may not place the person sentenced on probation. Sentences imposed pursuant to this section shall run consecutively with and shall commence at the expiration of any sentence being served by the person sentenced hereunder. (Emphasis added.)

The language of N.C. Gen. Stat. 14-87(d) is unambiguous and its effect is clear. Any person convicted of armed robbery must receive no less than a 14 year sentence, notwithstanding any other provision of law. Thus, there is no room for judicial construction on this point. *In Re Banks,* 295 N.C. 236, 244 S.E. 2d 386 (1978); *State v. Camp,* 286 N.C. 148, 209 S.E. 2d 754 (1974).

The following factors lead us to the conclusion that the General Assembly considered the relationship between N.C. Gen. Stat. 14-87 and the Fair Sentencing Act. First, N.C. Gen. Stat. 14-87 was rewritten as part of the Act. 1979 N.C. Sess. Laws, c. 760, s. 5. Second, the rewritten version specifically refers to N.C. Gen. Stat. 15A-1340.7, the section of the Fair Sentencing Act allowing credit for good behavior. Third, the General Assembly amended the last part of N.C. Gen. Stat. 14-87(a) in the 1979 second session changing the phrase " . . . punished as a Class D felon" to " . . . guilty of a Class D felony." 1979 N.C. Sess. Laws, c. 1316, s. 12.

These factors lead to the conclusion that the General Assembly intended to impose a minimum sentence for armed robbery greater than the presumptive sentence for a Class D felony and also intended that the minimum be irreducible, except for credit for good behavior, "notwithstanding any other provision of law. . . ." N.C. Gen. Stat. 14-87(d).

Where one statute deals with a subject in detail with reference to a particular situation (in this case, armed robbery) and another statute deals with the same subject in general and comprehensive terms (felonies), the particular statute will be construed as controlling in the particular situation unless it clearly appears that the General Assembly intended to make the general act controlling in regard thereto. *Food Store v. Board of Alcoholic Control,* 268 N.C. 624, 151 S.E. 2d 582 (1966). In this case the legislature clearly intended the provisions of N.C. Gen. Stat. 14-87(d) to control over the conflicting provisions of the Fair Sentencing Act.

The North Carolina Supreme Court has previously recognized that the General Assembly intended to provide more severe punishment for armed robbery offenses when it enacted N.C. Gen. Stat. 14-87. *State v. Jones,* 227 N.C. 402, 42 S.E. 2d 465 (1947). The statutory construction which we have set forth is in accordance with the legislature's firm stand on the punishment of persons committing armed robbery. "It is not for us to say that the policy judgment of the General Assembly with respect to punishment for armed robbery is wrong. Armed robbery is a crime of violence and those who take the risk must assume the consequences involved." *State v. Legette,* 292 N.C. 44, 58, 231 S.E. 2d 896, 904 (1977).

As the General Assembly has chosen to remove much of the discretionary power which judges previously exercised in the sentencing process we must hold that the 14 year sentence for armed robbery specified in N.C. Gen. Stat. 14-87(d) is a minimum which may not be reduced under the Fair Sentencing Act except by credit for good behavior.

Affirmed.

Judges ARNOLD and WHICHARD concur.

Judges ARNOLD and WHICHARD concurring.

The evidence at the sentencing hearing showed the following:

A police officer investigated a call regarding a suspicious car. He approached the car and asked two of the four occupants to get out. He then received a call reporting a robbery at a nearby Fast Food Store. The occupants of the car heard the call; and two of them, including defendant, ran. It is not clear from the record whether it was known at the time that defendant was one of the occupants who ran. It would appear that it was not. Investigation established that the person who robbed the store pulled a knife with a three inch blade, ordered the store clerk to step back, took $55.00 from the cash register, and left.

The following day defendant voluntarily surrendered himself at the police station, signed a statement confessing to the robbery, and assisted the police by returning to the crime scene to look for the money and the knife he had lost when he ran from the police car. Defendant had no prior record of criminal convictions. Affidavits and character witnesses indicated that he was a person of good character and reputation in the community in which he lived and worked.

The court found no factors in aggravation of punishment. It found four mitigating factors as follows: (1) defendant had no prior record of criminal convictions, (2) prior to arrest defendant voluntarily acknowledged his wrongdoing in connection with the offense, (3) defendant had been a person of good character and reputation in his community, and (4) defendant made a complete confession and assisted the police in an investigation. Despite those mitigating factors, the court had no choice but to impose a minimum sentence of fourteen years.

The mitigating factors in the case would seem to have called for exercise of prosecutorial discretion by the acceptance of a plea to a lesser charge. They also call into question the desirability of mandatory minimum sentences which remove all possibility of exercise of judicial discretion, regardless of the mitigating circumstances presented.