REGINALD L. FRAZIER, Plaintiff v. MAUREEN DEMAREST MURRAY, HENRY C. BABB, JR., JAMES LEE BURNEY, and the DISCIPLINARY HEARING COMMISSION OF THE NORTH CAROLINA STATE BAR, Defendants

No. COA98-446

(Filed 21 September 1999)

**1. Tort Claims Act— only claims against the state—no liability for individual officers—Disciplinary Hearing Commission—statutory authority to enforce disbarment by criminal contempt**

The Industrial Commission did not err in dismissing plaintiff's claims against the individual defendants under the Tort

Claims Act for false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress based on defendants' exercise of the Disciplinary Hearing Commission's statutory authority to enforce an order of disbarment by criminal contempt powers because the Tort Claims Act applies only to claims against the state, and not for the liability of individual officers.

**2. Tort Claims Act— jurisdiction of Industrial Commission— not for intentional acts—Disciplinary Hearing Commission—statutory authority to enforce disbarment by criminal contempt**

The Industrial Commission did not err in dismissing plaintiff's claims against defendant Disciplinary Hearing Commission under the Tort Claims Act for false imprisonment and intentional infliction of emotional distress based on defendants' exercise of its statutory authority to enforce its order of disbarment by criminal contempt powers because the Tort Claims Act does not give the Industrial Commission jurisdiction to award damages based on intentional acts.

**3. Tort Claims Act— negligence—public duty doctrine bars— Disciplinary Hearing Commission—statutory authority to enforce disbarment by criminal contempt**

The Industrial Commission did not err in dismissing plaintiff's claims against defendant Disciplinary Hearing Commission under the Tort Claims Act for negligent infliction of emotional distress based on defendants' exercise of its statutory authority to enforce its order of disbarment by criminal contempt powers because negligence claims arising in the performance of duties for the public at large are barred by the public duty doctrine unless the claim falls within the exceptions of a special relationship or a special duty.

Judge TIMMONS-GOODSON concurs in part and dissents in part.

Plaintiff appeals from decision and order entered 14 January 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 February 1999.

FRAZIER v. MURRAY

[135 N.C. App. 43 (1999)]

*Michaux & Michaux, P.A., by Eric C. Michaux, for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General D. Sigsbee Miller, for defendant-appellees.*

HUNTER, Judge.

Plaintiff Reginald L. Frazier appeals from a decision by the North Carolina Industrial Commission dismissing his complaints against Maureen Demarest Murray, Henry C. Babb, Jr., James Lee Burney and the Disciplinary Hearing Commission of the North Carolina State Bar for false imprisonment, intentional infliction of emotional distress and negligent infliction of emotional distress.

The Disciplinary Hearing Commission disbarred the plaintiff from the practice of law on 6 November 1989. Plaintiff's license to practice law has not been reinstated. When allegations were made that plaintiff continued to practice law, the Disciplinary Hearing Commission attempted to have the Craven County District Attorney prosecute the plaintiff for the unauthorized practice of law. The district attorney refused to take action against the plaintiff. The Disciplinary Hearing Commission then requested that Superior Court Judge D. Marsh McClelland hold plaintiff in criminal contempt. Judge McClelland found no legal basis to enforce the disbarment order by a contempt proceeding and ruled that the Disciplinary Hearing Commission was without authority to punish plaintiff for contempt. The State Bar did not appeal the ruling.

On 10 August 1994, in response to allegations that plaintiff was still practicing law, the State Bar filed a show-cause motion, requesting that the Disciplinary Hearing Commission issue an order commanding plaintiff to appear and show cause as to why he should not be held in criminal contempt for continuing to practice law in violation of the 1989 disbarment order. Murray, chair of the Disciplinary Hearing Commission, issued the show-cause order ordering plaintiff to appear on 3 October 1994. Both the motion and the order were served on plaintiff by certified mail and by personal service of the Craven County Sheriff's Department.

Murray, Babb and Burney conducted the show-cause hearing. Plaintiff was not present, but was represented by Fred Williams. The Disciplinary Hearing Commission found plaintiff guilty of sixteen counts of criminal contempt. The Disciplinary Hearing Commis-

sion sentenced plaintiff to thirty days in jail and a fine of $200.00 for each of the sixteen counts. The Disciplinary Hearing Commission requested that the sentences be consecutively served, resulting in a combined sentence of 480 days in jail, $3,200.00 in fines and costs.

Plaintiff was arrested and incarcerated on 25 January 1995. Pursuant to a writ of habeas corpus issued by the United States District Court for the Eastern District of North Carolina, plaintiff was ordered released on 13 November 1995. That Court made the following disposition:

> Accordingly, this court orders the issuance of a writ of habeas corpus releasing Mr. Frazier from the conviction and sentence heretofore imposed by the Disciplinary Hearing Commission of the North Carolina State Bar, unless within 30 days from the entry of this order, the DHC affords Mr. Frazier notice of his right to appeal to the Superior Court of Wake County upon the times and terms provided for in the General Statues of North Carolina.

*Frazier v. French*, No. 5:95-HC-463-BO, (E.D.N.C., filed Nov. 25, 1996) slip op. at 13. The Disciplinary Hearing Commission gave notice and plaintiff appealed to the Wake County Superior Court. The appeal is now pending in that forum.

Plaintiff filed a complaint under the Tort Claims Act, N.C. Gen. Stat. § 143-291 (1999), against individual defendants and the Disciplinary Hearing Commission alleging false imprisonment and the intentional infliction of emotional distress. The Disciplinary Hearing Commission filed a motion to dismiss on behalf of all defendants pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1), (2) and (6) and on behalf of the defendants as individuals under Rules 12(b)(4) and (5). Plaintiff filed an amended complaint to include negligent infliction of emotional distress. The amended complaint was authorized in an order by Commissioner Bernadine S. Ballance. The Disciplinary Hearing Commission filed a motion to dismiss the amended complaint. Commissioner Ballance denied the Disciplinary Hearing Commission's motion. After a hearing, the Industrial Commission entered an order on 14 January 1998 reversing Commissioner Ballance and granting the Disciplinary Hearing Commission's motion to dismiss all claims. Plaintiff appeals.

[1] Plaintiff's sole argument on appeal is whether the dismissal by the Industrial Commission of plaintiff's claims under N.C. Gen.

Stat. § 1A-1, Rules 12(b)(1), (2), (4), (5) and (6) was reversible error. We conclude that the dismissal was proper.

Plaintiff argues that the Industrial Commission's reversal of Commissioner Ballance's order and the Industrial Commission's dismissal of plaintiff's claims pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1), (2), (4), (5) and (6) was reversible error not supported by applicable law or the record. Specifically, plaintiff argues that he was entitled to pursue his remedies before the Industrial Commission and that the dismissal of his claims against both the individual defendants and the Disciplinary Hearing Commission under Rule 12(b)(1), (2), (4), (5) and (6) was in error. Defendants counter that only agencies can be sued under the Tort Claims Act and the Industrial Commission had no jurisdiction to review the determinations of the Disciplinary Hearing Commission.

Under the Tort Claims Act, jurisdiction is vested in the Industrial Commission to hear claims against state departments, institutions and agencies for personal injuries or damages sustained by any person as a result of the negligence of a state officer, agent or employee acting within the scope of his employment. *Guthrie v. State Ports Authority*, 307 N.C. 522, 299 S.E.2d 618 (1983). The Industrial Commission must decide whether the alleged wrong:

> [A]rose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina. . . .

N.C. Gen. Stat. § 143-291(a) (1999). The Tort Claims Act embraces only claims against state agencies. *Givens v. Sellars*, 273 N.C. 44, 159 S.E.2d 530 (1968). In order to recover under the Tort Claims Act it is essential that plaintiff's affidavit identify the allegedly negligent employee and set forth the negligence relied upon, N.C. Gen. Stat. § 143-297 (1999); *Ayscue v. Highway Commission*, 270 N.C. 100, 153 S.E.2d 823 (1967). However, the Tort Claims Act "does not apply to claims against officers, employees, involuntary servants, and agents of the State." *Meyer v. Walls*, 347 N.C. 97, 107, 489 S.E.2d 880, 886 (1997). Therefore, the Industrial Commission properly dismissed all claims against the individual defendants according to Rule 12(b)(1) and (2). Summonses were not processed against these defendants so the dismissal pursuant to Rules 12(b)(4) and (5) was proper against

the individual defendants as well. There is no liability for individual officials as the Tort Claims Act applies only to claims against the state.

[2] Plaintiff brings forth claims of false imprisonment, intentional infliction of emotional distress and negligent infliction of emotional distress against the Disciplinary Hearing Commission. The Tort Claims Act does not give the Industrial Commission jurisdiction to award damages based on intentional acts. *Jenkins v. Department of Motor Vehicles*, 244 N.C. 560, 94 S.E.2d 577 (1956). Injuries intentionally inflicted by employees of a state agency are not compensable under the Tort Claims Act. Intentional acts are legally distinguishable from negligent acts. *Id.* Thus, the Industrial Commission correctly dismissed the claims of false imprisonment and intentional infliction of emotional distress against the Disciplinary Hearing Commission.

[3] As for negligent infliction of emotional distress, that claim, too, was properly dismissed. The claim is barred by the public duty doctrine.

Tort liability for negligence attaches to the state and its agencies under the Tort Claims Act only "where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina." N.C. Gen. Stat. § 143-291(a). Our Supreme Court has made it clear that the Tort Claims Act incorporates existing common law rules of negligence, including the public duty doctrine. *Hunt v. N.C. Dept. of Labor*, 348 N.C. 192, 499 S.E.2d 747 (1998); *Stone v. N.C. Dept. of Labor*, 347 N.C. 473, 495 S.E.2d 711, *reh'g denied*, 348 N.C. 79, 502 S.E.2d 836, *cert. denied*, 525 U.S. 1016, 142 L. Ed. 2d 449 (1998). In *Stone*, the Court stated:

> Private persons do not possess public duties. Only governmental entities possess authority to enact and enforce laws for the protection of the public. . . . If the State were held liable for performing or failing to perform an obligation to the public at large, the State would have liability when a private person could *not*. The public duty doctrine, by barring negligence actions against a governmental entity absent a "special relationship" or a "special duty" to a particular individual, serves the legislature's express intention to permit liability against the State only when a private person could be liable. Thus, the plain words of the statute indicate an intent that the doctrine apply to claims brought under the Tort Claims Act.

*Id.* at 478-79, 495 S.E.2d at 714 (citations omitted) (emphasis in original).

Under the public duty doctrine, a governmental entity exercising its statutory powers is ordinarily held to act for the benefit of the general public rather than for the benefit of any individual, and, therefore, cannot be held liable for negligence in performance of, or failure to perform, its duties. *Stone,* 347 N.C. at 482, 495 S.E.2d at 716.

The Disciplinary Hearing Commission clearly had authority to discipline and disbar plaintiff. N.C. Gen. Stat. §§ 84-28, 84-28.1 (1995). N.C. Gen. Stat. § 84-28.1(b) authorizes the Disciplinary Hearing Commission to "hold hearings in discipline, incapacity and disability matters, to make findings of fact and conclusions of law after such hearings, and to enter orders necessary to carry out the duties delegated to it by the council." N.C. Gen. Stat. § 84-28.1(b) (1995). Moreover, the General Assembly intended to vest the Disciplinary Hearing Commission with the statutory authority to enforce its order of disbarment by criminal contempt powers comparable to those of the general courts of justice. N.C. Gen. Stat. § 84-28.1(b1) provides that "[t]he disciplinary hearing commission of the North Carolina State Bar, or any committee thereof, acting through its chairman, *shall have the power to hold persons, firms or corporations in contempt as provided in Chapter 5A.*" N.C. Gen. Stat. § 84-28.1(b1) (emphasis added). Chapter 5A outlines the criminal contempt powers of the general courts of justice. Since the Disciplinary Hearing Commission was acting within its statutory authority in exercising its contempt powers, any claim for negligence in the performance of its duties would come within the public duty doctrine.

There are two recognized exceptions to the public duty doctrine, both of which are narrowly applied. The exceptions exist where (1) there is a special relationship between the injured party and the state; and (2) where the state creates a special duty by virtue of an express promise to the injured individual, the state fails to perform the promise, and the individual's reliance on the promise is causally related to the injury suffered. *Hunt v. Dept. of Labor,* 348 N.C. 192, 197, 499 S.E.2d 747, 750; *see Stafford v. Barker,* 129 N.C. App. 576, 577, 502 S.E.2d 1, 2, *disc. review denied,* 348 N.C. 695, 511 S.E.2d 650 (1998) (quoting *Braswell v. Braswell,* 330 N.C. 363, 371, 410 S.E.2d 897, 902 (1991)). Neither exception is applicable to this case.

"In order to survive the application of the public duty doctrine, the plaintiff's allegations must fit within an exception to the doc-

trine." *Lovelace v. City of Shelby*, 133 N.C. App. 408, 412, 515 S.E.2d 722, 725 (1999). The "special relationship" exception must be specifically alleged, and is not created merely by a showing that the state undertook to perform certain duties. *See Derwort v. Polk County*, 129 N.C. App. 789, 793, 501 S.E.2d 379, 382 (1998). To determine whether there is a special relationship, the Court must consider whether the state's duty flowed to the plaintiff or the public at large, and where the duty is statutory, the Court looks at the language of the statute to determine whether the duty is intended to protect individuals or the public at large. *Hasty*, 348 N.C. at 198, 499 S.E.2d at 750. There can be no doubt that the statutory duties of the State Bar and its Disciplinary Hearing Commission in disciplinary matters are intended for the protection of the public from unworthy practitioners. *State v. Spivey*, 213 N.C. 45, 195 S.E. 1 (1938). To properly allege the " 'special duty' exception, the complaint must allege an 'overt promise' of protection by defendant, detrimental reliance on the promise, and a causal relation between the injury and the reliance." *Lovelace*, 133 N.C. App. at 412-13, 515 S.E.2d at 725 (citation omitted).

Plaintiff has not alleged any set of facts which, taken as true, create a special relationship between plaintiff and the Disciplinary Hearing Commission nor does the complaint allege the elements of any special duty owed plaintiff by the Disciplinary Hearing Commission. Therefore, the public duty doctrine bars plaintiff's Tort Claims Act claim against the Disciplinary Hearing Commission for negligent infliction of emotional distress and the claim was properly dismissed pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). *See Stone, supra* ("If the State were held liable for performing or failing to perform an obligation to the public at large, the State would have liability when a private person could *not*."), N.C. Gen. Stat. § 143-291(a).

Affirmed.

Judge MARTIN concurs.

Judge TIMMONS-GOODSON concurring in part and dissenting in part.

Judge TIMMONS-GOODSON concurs in part and dissents in part.

I agree with the majority that plaintiff's claims against the individual defendants and the Disciplinary Hearing Commission ("DHC") of the North Carolina State Bar for false imprisonment and intentional infliction of emotional distress were properly dismissed.

However, I do not agree that plaintiff's claim against the DHC for negligent infliction of emotional distress was barred by the public duty doctrine and properly dismissed. Therefore, I must respectfully dissent from the portion of the majority opinion which affirms the Industrial Commission's dismissal of that claim.

The majority asserts that the General Assembly *intended* to vest the DHC with criminal contempt powers. I disagree and, like Judge McClelland, am unable to detect any statutory authority which would allow the DHC to punish by contempt a disbarred attorney for the unauthorized practice of law. Therefore, in my opinion, the DHC is subject to liability because it clearly acted beyond its authority.

The duties of the DHC are delegated to it by the Council of the North Carolina State Bar ("Council"). N.C. Gen. Stat. § 84-28.1(b) (1995). The Council is "vested . . . with the authority to regulate the professional conduct of licensed attorneys." N.C. Gen. Stat. § 84-23 (1995). Therefore, it is clear that the authority of the DHC extends only to licensed attorneys. The DHC may not exceed that authority which has been granted to it by the Council. The power of the DHC to "hold persons, firms or corporations in contempt as provided in Chapter 5A" does not apply to non-lawyers. N.C.G.S. § 28.1(b1).

In addition, a well-settled principle of statutory interpretation is that a particular statute controls over a general one. *Food Stores v. Board of Alcoholic Control,* 268 N.C. 624, 151 S.E.2d 582 (1966).

> Where one statute deals with a subject in detail with reference to a particular situation . . . and another statute deals with the same subject in general and comprehensive terms . . . , the particular statute will be construed as controlling in the particular situation unless it clearly appears that the General Assembly intended to make the general act controlling in regard thereto.

*State v. Leeper*, 59 N.C. App. 199, 202, 296 S.E.2d 7, 9, *disc. review denied*, 307 N.C. 272, 299 S.E.2d 218 (1982).

Therefore, even if N.C.G.S. § 84-37 is construed to be in conflict with N.C.G.S. § 84-28.1(b1), the former is controlling. Section 84-37 specifically addresses the issue of the unauthorized practice of law. Section 84-28.1(b1), on the other hand, is a generalized statement regarding the DHC's power to hold people, firms or corporations in contempt. As section 84-37 makes reference to the particular situation in issue, the DHC must comply with the mandate that actions to enjoin unauthorized practice be brought in superior court:

*The venue for actions brought under this section shall be the superior court* of any county in which the acts constituting unauthorized or unlawful practice of law are alleged to have been committed or in which there appear reasonable grounds that they will be committed or in the county where the defendants in the action reside or in Wake County.

N.C. Gen. Stat. § 84-37(c) (1995) (emphasis added).

The DHC acted improperly in holding plaintiff in contempt in a forum other than superior court. Therefore, the DHC was not acting pursuant to a statutory duty, and the public purpose doctrine does not shield it from liability for its negligent acts.

Taking all the allegations and averments of plaintiff's complaint and amended complaint as true, and liberally construing those allegations and averments, I believe the allegations are sufficient to support the negligent infliction of emotional distress claim. Accordingly, I would reverse the Industrial Commission's dismissal of plaintiff's claim of negligent infliction of emotional distress against the DHC and in all other regards affirm.