Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Decision and Order of the Deputy Commissioner.
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was incarcerated by defendant in Hoke Correctional Institute. Plaintiff was serving a sentence of life imprisonment.
2. On 21 December 1995, plaintiff was housed in the mental health ward of Central Prison in Raleigh, North Carolina. Plaintiff was receiving treatment for depression. On that same date, Mitchell Wayne Butts was employed by Wake Technical Community College as a teacher. Defendant contracted with Mr. Butts to teach classes to inmates in its mental health ward. Plaintiff was not a student in the classes Mr. Butts taught at Central Prison.
3. After he began teaching classes in Central Prison, Mr. Butts undertook to create or organize a library. Although plaintiff was not a student in Mr. Butts class, he assisted Mr. Butts with his efforts to create or organize a library by moving books and furniture. Shortly thereafter, on 21 December 1995, Mr. Butts purchased meals from Kentucky Fried Chicken and brought them to the members of his class as Christmas gifts. Mr. Butts purchased a meal for plaintiff in recognition of plaintiffs assistance organizing the library. Plaintiff accepted and ate the meal while Mr. Butts taught his class.
4. When the class ended, Mr. Butts asked plaintiff and two other inmates to stay and help clean the classroom in exchange for a surprise that he would bring from his car. Plaintiff and the inmates cleaned the room, for which Mr. Butts gave them cigarettes, matches, Benadryl and "rush. Next, Mr. Butts asked the other two inmates to go into the hallway and wait. Mr. Butts then told plaintiff that he would do anything for plaintiff if he would have sex with him. Mr. Butts told plaintiff that he knew important people who he could influence regarding the date of plaintiffs release from prison. Mr. Butts then instructed one of the inmates to remain in the hallway and watch for members of defendants staff. He asked the other inmate to come back into the classroom. Mr. Butts then performed fellatio on plaintiff and the other inmate.
5. As a result of having engaged in these criminal sexual acts with Mr. Butts, plaintiff experienced humiliation and embarrassment.
6. Defendant did not know and reasonably could not have known that Mr. Butts used his position with defendant as a means to engage in homosexual sexual activities with inmates.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. To the extent that Mr. Butts activities with plaintiff on 21 December 1995 were not consensual, those actions were intentional and can only give rise to a claim for an intentional tort over which the Industrial Commission lacks jurisdiction. Frazier v.Murray, ___ N.C. App. ___, 519 S.E.2d 525 (1999).
2. Defendants employees did not know and reasonably could not have known that Mr. Butts might use his position with defendant as a means to engage in homosexual sexual activities with inmates and, therefore, were not negligent.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Under the law, plaintiffs claim must be and the same is hereby DISMISSED.
2. Each party shall bear its own costs.
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
RCR:db