***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. A hearing on defendant's Motion To Dismiss was held before the deputy commissioner on December 13, 2004.
2. At the hearing before the deputy commissioner, plaintiff moved to recuse Chief Deputy Commissioner Gheen on the grounds that prior decisions he had filed in TA-16402 and TA-16382 were unfair, partial and denied plaintiff the opportunity for a fair hearing.
3. In the present civil action plaintiff alleges in his Tort Claim Affidavit filed with the North Carolina Industrial Commission that he was discriminated against by being singled out and designated special seating arramgements during visitation.
4. Defendant moved to dismiss plaintiff's claim asserting lack of subject matter jurisdiction on the basis that plaintiff alleged constitutional violations and intentional acts, not negligent acts.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State.
3. In their discretion, Commissioners or Deputy Commissioners may recuse themselves from the hearing of any case before the Industrial Commission. For good cause shown, a majority of the Full Commission may remove a Commissioner or Deputy Commissioner from hearing a case. Plaintiff has not stated good grounds for the Motion To Recuse. N.C.I.C Rule 615.
4. Plaintiff's Affidavit and argument at the hearing before the deputy commissioner shows, taking the allegations as true and in the light most favorable to plaintiff's claim, alleged constitutional violations and intentional acts on the part of defendant. Intentional acts are not within the scope of the Tort Claims Act. See N.C. Gen. Stat. § 143-291;Frazier v. Murray, 135 N.C. App. 43, 519 S.E.2d 525 (1999), appealdismissed, 351 N.C. 354, 542 S.E.2d 209 (2000) (State Tort Claims Act does not bestow jurisdiction to the Industrial Commission to hear civil actions alleging intentional acts.)
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. Plaintiff's motion for recusal is DENIED.
3. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 9th day of August 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER