***********
On July 20, 2007, plaintiff filed an affidavit on a Form T-1 Claim for Damages Under the Tort Claims Act alleging that an employee of defendant confiscated his personal belongings, retaliated against him with disciplinary action, and falsely classified plaintiff as a gang member. Plaintiff alleges that the disciplinary action has caused him problems and has caused him to be denied access to educational programs.
N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Intentional acts are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291. Under the North Carolina Tort Claims Act, the North Carolina Industrial Commission does not have jurisdiction to adjudicate matters of intentional torts. Frazier v.Murray, 135 N.C. App. 43, 519 S.E.2d 525 (1999). As plaintiff *Page 2 
alleges intentional acts on the part of defendant, the Industrial Commission lacks jurisdiction over plaintiff's claim. N.C. Gen. Stat. §143-291(a); Guthrie v. State Ports Authority, 307 N.C. 522, 299 S.E.2d 618
(1983). Therefore, plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 25th day of March, 2009.
 S/_____________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG CHAIR
 S/_____________ DANNY L. McDONALD COMMISSIONER *Page 1