An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1065

NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

CELESTINE L. SIMMONS,
     Plaintiff

v.                                      Guilford County
                                        No. 12 CVS 10339
CITY OF GREENSBORO,
HOUSING AND COMMUNITY DEVELOPMENT
(HCD) DEPARTMENT,
CITY ATTORNEY, MUJEEB SHAH-KHAN,
CITY MANAGER, DENISE TURNER-ROTH,
     Defendants.


Appeal by plaintiff Celestine L. Simmons from order entered 16 April 2013 by Judge A. Moses Massey in Guilford County Superior Court. Heard in the Court of Appeals 3 February 2014.

*Celestine L. Simmons, pro se, for plaintiff-appellant.*

*Greensboro City Attorney's Office, by Becky Jo Peterson-Buie, for defendants-appellees.*


HUNTER, JR., Robert N., Judge.


Celestine L. Simmons ("Plaintiff") appeals from a 16 April 2013 order granting a motion to dismiss under N.C. R. Civ. P. 12(b)(1), (2), and (6) in favor of the City of Greensboro and the City of Greensboro Housing and Community Development

Department ("HCD") (collectively "Defendants"). Upon review, we affirm.

## I. Facts & Procedural History

Plaintiff filed a complaint in Guilford County Superior Court on 5 November 2012 alleging financial, economic, and emotional damages stemming from the disposition of her property at 919 Pearson Street in Greensboro. Plaintiff requested relief under N.C. Gen. Stat. § 143-291 (2013), Article 31 (commonly referred to as the "Tort Claims Act"), and sought a monetary judgment against the City of Greensboro "as a result of the negligence of [its] officer, employee, involuntary servant or agent of the State." The complaint alleged that Defendants were negligent and Plaintiff was entitled to damages pursuant to N.C. Gen. Stat. § 143-291. Plaintiff's complaint alleged the following facts.

The property at issue is located at 919 Pearson Street in Greensboro. On 8 September 2003, Plaintiff submitted a Rental Property Lead Grant Application to the City of Greensboro. At that time, Plaintiff averred that she owned the respective property and believed that her name was listed on the deed.

Over the next year, Plaintiff and HCD exchanged the following communications. Plaintiff received a letter on 12

December 2003 informing Plaintiff that she must establish ownership of the property before proceeding. HCD sent Plaintiff a Rental Property Eligibility Screening Form dated 9 February 2004. Thereafter, Plaintiff discovered that her name was not on the deed and took steps to have the property deeded in her name. Plaintiff recorded the deed to 919 Pearson Street on 9 March 2005.

Plaintiff subsequently completed the Eligibility Screening Form and returned it to HCD via fax on 10 March 2005. Plaintiff then received a Tenant Information Form dated 6 April 2005, which she returned on 8 April 2005. Plaintiff next received a Greensboro Lead Safe Housing Program Application Approval Notification on 14 April 2005. On 25 May 2005, HCD sent Plaintiff a Summary Notice of Lead-Based Paint Risk Assessment and two sets of the Comprehensive XRF Lead-Based Paint Inspection & Risk Assessment Report regarding Plaintiff's property at 919 Pearson Street. Plaintiff then contacted HCD staff members multiple times to schedule a work write-up inspection for the property, but the inspection was never scheduled.

In August 2005, Plaintiff was notified of Greensboro Minimum Housing Code violations concerning the property at 919

Pearson Street. From August 2005 until November 2008, Plaintiff attended multiple meetings of the Greensboro Minimum Housing Standards Commission regarding the condition of her property. Nevertheless, the Greensboro Minimum Housing Standards Commission entered an Order to Repair or Demolish the property at 919 Pearson Street.

Plaintiff's property was later evaluated by the City and its affiliates on multiple occasions. The property was evaluated twice by the HCD Loan Committee. The property was also separately evaluated by the City of Greensboro's outside adjustment company, a city-appointed mediator, and the City of Greensboro Legal Department. Ultimately, Plaintiff accepted the City of Greensboro's offer to purchase the property at 919 Pearson Street for its appraised value of $13,000. In addition, the City extended Plaintiff a $22,500 non-negotiable settlement offer for all claims involving the 919 Pearson Street property. Plaintiff did not respond to the City's settlement offer within the time it was available to her.

Defendants moved to dismiss Plaintiff's claims on 29 November 2012. The matter came on for hearing before Guilford County Superior Court Judge A. Moses Massey on 19 March 2013. The trial court entered an order granting Defendants' motion to

dismiss on 16 April 2013. Written notice of appeal was timely filed by Plaintiff on 26 April 2013.

## II. Jurisdiction and Standard of Review

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2013) as Plaintiff appeals from a final order of the superior court as a matter of right.

The first issue on appeal is whether the trial court properly granted Defendants' motion to dismiss for lack of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction is reviewed by this Court *de novo*. *Burgess v. Burgess*, 205 N.C. App. 325, 327, 698 S.E.2d 666, 668 (2010) (citing *Harper v. City of Asheville*, 160 N.C. App. 209, 215, 585 S.E.2d 240, 244 (2003)). When a trial court reviews a motion to dismiss for lack of subject matter jurisdiction and confines its evaluation to the pleadings, it must accept the allegations in the complaint as true and construe them in a light most favorable to the Plaintiff. *Smith v. Privette*, 128 N.C. App. 490, 493, 495 S.E.2d 395, 397 (1998); *see also Johnson v. Antioch United Holy Church, Inc.*, 214 N.C. App. 507, 510, 714 S.E.2d 806, 809 (2011).

"Under the *de novo* standard of review, this Court 'considers the matter anew and freely substitutes its own

judgment for that of the [trial court].'" *Burgess*, 205 N.C. App. at 327, 698 S.E.2d at 668 (quoting *In re Appeal of the Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)) (alteration in original). Because this issue is dispositive, we do not consider the remaining issues on appeal.

### III. Analysis

In this case, Plaintiff specifically alleges that she is asserting her claims against the City of Greensboro and HCD pursuant to N.C. Gen. Stat. § 143-291, the Tort Claims Act, which creates authority in the North Carolina Industrial Commission to review "tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a). Therefore, only agencies of the State are subject to liability under the statute. *Wirth v. Bracey*, 258 N.C. 505, 507, 128 S.E.2d 810, 813 (1963) ("The only claim authorized by the Tort Claims Act is a claim against the State agency."); *see also Frazier v. Murray*, 135 N.C. App. 43, 47, 519 S.E.2d 525, 528 (1999) ("The Tort Claims Act embraces only claims against state agencies.").

Here, neither the City of Greensboro nor HCD is an agency of the State. Rather, under North Carolina law, a "city" is "a municipal corporation organized under the laws of this State." N.C. Gen. Stat. § 160A-1(2) (2013). Thus, the Tort Claims Act does not authorize claims against cities or departments thereof. *See Yow v. Asheboro Police Department*, I.C. No. TA-22337, 2012 WL 2339107 (2012) (dismissing Plaintiff's claim under the Tort Claims Act against the City of Asheboro).

Further, the Tort Claims Act does not grant jurisdiction to hear such claims in Superior Court. Subject matter jurisdiction of claims under the Tort Claims Act is "within the exclusive and original jurisdiction of the Industrial Commission" and "not within the jurisdiction of the Superior Court." *Guthrie v. N.C. State Ports Auth.*, 307 N.C. 522, 540, 299 S.E.2d 618, 628 (1983).

As the trial court lacked subject matter jurisdiction to hear Plaintiff's asserted claim in this case, granting Defendants' 12(b)(1) motion was proper and we affirm the trial court. Because the trial court properly dismissed Plaintiff's case under Rule 12(b)(1), we do not address the remaining issues on appeal.

## IV. Conclusion

For the reasons stated above, the decision of the trial court is

AFFIRMED.

Chief Judge MARTIN and Judge ELMORE concur.

Report per Rule 30(e).