THE NORTH CAROLINA STATE BAR v. REGINALD L. FRAZIER

No. 8210NCSB374

(Filed 17 May 1983)

1. **Constitutional Law § 5— separation of powers—appointments by Governor, Lieutenant Governor and Speaker of House to State Bar Hearing Commission**

    Although the Governor, the Lieutenant Governor and the Speaker of the House make appointments to the State Bar Hearing Commission, there is no provision mandating the appointment of legislators to the Commission and the ability of the government officials to make appointments is alone insufficient to show a violation of the separation of powers principle.

2. **Attorneys at Law § 11— sufficiency of Hearing Committee's findings and conclusions**

    The findings, conclusions and decisions of the State Bar Disciplinary Hearing Committee were supported by substantial competent evidence.

3. **Attorneys at Law § 11— disciplinary hearing—discovery**

    The State Bar Rules and not G.S. 84-30 address the question of discovery in disciplinary proceedings, and inasmuch as defendant failed to take full advantage of the discovery procedures available to him, he could not complain that he was not provided full disclosure and discovery prior to his hearing.

APPEAL by defendant from the Hearing Committee of the Disciplinary Hearing Commission of The North Carolina State Bar. Order entered 8 September 1981. Heard in the Court of Appeals 16 February 1983.

The North Carolina State Bar instituted this disciplinary action before the Hearing Committee by a complaint alleging that defendant, a licensed attorney, had violated various Disciplinary Rules of the Code of Professional Responsibility. All of the alleged violations arose out of defendant's representation of Robert Vierheller in a domestic action.

Evidence presented by the State Bar at the disciplinary hearing tended to show the following: On 21 June 1978, Robert Vierheller and his wife entered into a separation agreement. They subsequently reunited and then separated again, entering into a second separation agreement on 31 October 1978. On 3 May 1979, Vierheller went to defendant's law office, told defendant he was having marital problems, and told him he wanted a divorce. Vierheller informed defendant that he and his wife had entered into two separation agreements. Defendant was given copies of

both agreements. Defendant and Vierheller discussed defendant's fee, and Vierheller told defendant that the divorce would be contested.

In September, Vierheller returned to defendant's office and signed a complaint, dated 29 June 1979, seeking an absolute divorce. It was alleged in the complaint that Vierheller and his wife had continuously lived separate and apart since 21 June 1978. Vierheller's wife answered the complaint on 10 October 1979, and counterclaimed for $1,340 to pay the costs of her transportation to her native home in Okinawa, Japan; for custody of the minor children of the parties; for enforcement of the parties' 31 October 1978 separation agreement which provided for $300 per month in child support; and for reasonable attorney's fees. Mrs. Vierheller's attorney also issued a subpoena requiring Vierheller to provide certain documents and served notice on defendant that a hearing date was set for 5 November 1979.

After signing the complaint, Vierheller heard nothing further about the matter until Friday, 2 November 1979. On that date, his wife informed him that she would see him in court on Monday, 5 November. Concerned, Vierheller called defendant and was told that defendant was going in for a postponement and that Vierheller did not have to appear.

On 5 November 1979, without appearing in court, defendant filed a voluntary dismissal of the claims in the complaint, apparently realizing that he had alleged the wrong separation date. He made no attempt to continue the scheduled hearing. District Court Judge Herbert O. Phillips, III conducted the hearing and entered an order in Mrs. Vierheller's favor on her counterclaim. The order was signed and dated 12 March 1980, for the 5th day of November 1979. In the meantime, on 21 November 1979, defendant filed a second complaint for absolute divorce, alleging a 31 October 1978 date of separation.

The first knowledge Vierheller received of his wife's judgment against him came on 17 March 1980 when he was informed that the sheriff was attempting to execute on the judgment. Vierheller immediately went to defendant's office, and defendant told Vierheller not to worry about the execution, that he was going to appeal. On 14 April 1980, defendant filed a motion, pursuant to Rule 60(b)(5) of the Rules of Civil Procedure, asking that

Mrs. Vierheller's judgment be vacated in that Vierheller would suffer severe hardship if compelled to satisfy the judgment. Defendant did not request a hearing on this motion until 27 May 1980; that same day he learned from Vierheller that the sheriff had a warrant for Vierheller's arrest.

On 3 June 1980, Vierheller went to defendant's office, and defendant told him that a 9 June 1980 court date had been set on his motion. On that same date, Mrs. Vierheller's attorney moved that an order issue directing Vierheller to show cause why he should not be held in contempt for failing to pay the $1,340. Vierheller went to court on 9 June, but defendant did not appear. Defendant's secretary brought a letter to the court which stated that defendant had another court case and could not appear. The motion was rescheduled for hearing on 30 June. On that date, the case was rescheduled at defendant's request for 2 July. On 2 July, defendant appeared and represented Vierheller. Following the hearing, the court entered an order finding Vierheller in willful contempt for failing to pay the $1,340. Defendant told Vierheller not to worry because, he, defendant, was going to appeal. Notice of appeal, however, was not filed by defendant until 15 July 1980.

District Court Judge James Reagan, who presided over the 2 July hearing, signed a written order on 25 August 1980, for 2 July 1980, holding Vierheller in contempt and ordering the clerk to place the case on the trial calendar for review on 8 September 1980. This order was served on defendant by mail on 27 August 1980.

On 18 September 1980, Vierheller's wife called Vierheller and asked him why he wasn't in court on 8 September. Vierheller was unaware that he had an 8 September court date because defendant had never informed him about it. Vierheller went to see defendant and asked him to withdraw from his case. A release was prepared by defendant's secretary, dated 19 September 1980, which Vierheller signed, terminating the services of defendant and releasing him "from any and all liability and professional responsibility in these matters."

In answering interrogatories from the State Bar, defendant did not contend that prior to 2 November 1979, he had notified Vierheller of the hearing scheduled for 5 November 1979. In

responding to the State Bar's request for admissions, defendant admitted that he did not attend the 8 September 1980 hearing.

Defendant did not testify before the Hearing Committee. He presented evidence tending to show that, after finding Vierheller in contempt, Judge James Reagan told Vierheller he had until 8 September 1980 to purge himself of contempt by paying what he had been ordered to pay. Barbara Evans, an employee of defendant, testified that Vierheller had brought only one separation agreement when he came in for his initial appointment but had told them there were two. She further testified that defendant was trying a criminal case in Superior Court on 5 November 1979, and a letter was delivered to the court on 5 November by defendant's secretary, Dianna Cooke, stating that defendant was in Superior Court that day. Ms. Evans could not produce a copy of that letter.

At the completion of the hearing, the Hearing Committee filed a written order, finding facts and making the following conclusions of law:

> The conduct of the defendant, Reginald L. Frazier, was in violation of North Carolina General Statute 84-28(b)(2), in that the defendant violated the Code of Professional Responsibility of the North Carolina State Bar as follows:
>
> 1. By failing to notify his client of the hearing set for November 5, 1979, and of the subpoena issued for the production of documents or objects, the defendant neglected a legal matter entrusted to him, in violation of Disciplinary Rule 6-101(A)(3) of the Code of Professional Responsibility of the North Carolina State Bar.
>
> 2. By advising his client not to attend the November 5, 1979, hearing; by filing the voluntary dismissal of his client's claim; and by failing to attend the November 5, 1979 hearing, or give due or adequate notice to the Court of his reasons for not attending, when a counterclaim by the opposing party was pending and the matter being calendared for hearing, the defendant neglected a legal matter entrusted to him and handled a legal matter without adequate preparation under the circumstances then and there existing in violation of Disciplinary Rule 6-101(A)(3), and 6-101(A)(2) . . .

3. By failing to take appropriate steps or timely file appropriate process in March, 1980, upon receipt of the March 12, 1980 order, the defendant . . . [violated] Disciplinary Rule 6-101(A)(3) and 6-101(A)(2) . . .

4. By failing to timely and properly file the notice of appeal in July, 1980, the defendant . . . [violated] Disciplinary Rule 6-101(A)(3), and 6-101(A)(2) . . .

5. By failing to advise his client of the hearing scheduled for September 8, 1979 [sic], and by failing to attend that hearing or take other appropriate measures concerning that hearing, the defendant . . . [violated] Disciplinary Rule 6-101(A)(3) and 6-101(A)(2) . . .

6. By having his client sign the release dated September 19, 1980 . . . the defendant attempted to exonerate himself from or limit his liability to his client for his personal malpractice in violation of Disciplinary Rule 6-101(A) . . .

The Committee ordered that defendant be suspended from the practice of law in the State of North Carolina for a period of 12 months. From this order, defendant appeals.

*David R. Johnson, for the North Carolina State Bar.*

*Bowen C. Tatum, Jr., for defendant appellant.*

JOHNSON, Judge.

I

[1] In his first assignment of error, defendant indirectly challenges the Committee's order by attacking the composition of the State Bar Hearing Commission. Specifically, he contends that the members of the Hearing Commission of the North Carolina State Bar are appointed in violation of the Separation of Powers clause in Article 1, Section 6 of the North Carolina Constitution which reads: "The legislative, executive, and supreme judicial powers of the State government shall be forever separate and distinct from each other."

Membership on the Hearing Commission is statutorily determined by G.S. 84-28.1. This statute provides for a total of fifteen members, 10 of whom are required to be members of the State

Bar, appointed by the Council of the State Bar. The five remaining members are to be non-lawyers; three of whom are to be appointed by the Governor, one by the Lieutenant Governor and one by the Speaker of the House of Representatives. Defendant challenges the appointment of Hearing Commission members by the Governor, the Lieutenant Governor and the Speaker of the House based on the Supreme Court decision in *State ex rel. Wallace v. Bone* and *Barkalow v. Harrington*, 304 N.C. 591, 286 S.E. 2d 79 (1982). We find this case to be inapposite.

In *Bone*, the Supreme Court held that G.S. 143B-283(d), which required four legislators to serve on the Environmental Management Commission (EMC), violated the separation of powers principle of the North Carolina Constitution because the duties of the EMC are administrative or executive, rather than legislative, in nature. We recognize that the State Bar, like the EMC, does not perform a legislative function. Rather, the State Bar has certain regulatory powers, foremost of which is its power to discipline and regulate attorneys under G.S. 84-15 and 84-23. This is where the similarity between *Bone* and the present case ends. In *Bone*, legislators were required to serve on the EMC. There is no provision mandating the appointment of legislators to the State Bar Hearing Commission, and defendant has not shown that any members of the legislature actually serve on the Commission. Although the Governor, the Lieutenant Governor and the Speaker of the House make appointments to the Commission, we do not believe, and indeed defendant cites no cases to show, that this alone is sufficient to show a violation of the separation of powers principle. This assignment of error is overruled.

II

[2] Next, defendant maintains that all six of the Hearing Commission's conclusions of law are "legally insufficient."

The appropriate standard for judicial review of a disciplinary hearing is the "whole record" test set out in the Administrative Procedure Act at G.S. 150A-51(5). Under the "whole record" test, the reviewing court is required to consider the evidence which supports the administrative findings and must also consider contradictory evidence. "Under the whole record test there must be substantial evidence to support the findings, conclusions and result. G.S. 150A-51(5). The evidence is substantial if, when con-

sidered as a whole, it is such that a reasonable person might accept [it] as adequate to support a conclusion." *N.C. State Bar v. DuMont,* 304 N.C. 627, 643, 286 S.E. 2d 89, 98-99 (1982). Applying this test to the present case, we hold that the findings, conclusions and decision of the Disciplinary Hearing Committee are supported by substantial evidence.

Defendant contends that the Committee's Conclusion of Law 1 and 2 are legally insufficient because defendant had advised the District Court in a letter that he was required to be in Superior Court on 5 November 1979. We do not agree. Conclusion of Law 1, concerning defendant's failure to notify Vierheller of the 5 November hearing, is supported by uncontradicted evidence that Vierheller first learned of the 5 November court date from his wife. Vierheller thereafter had to contact defendant regarding this information. Conclusion of Law 2 is partially supported by uncontradicted evidence (1) that, upon contracting the defendant, Vierheller was told not appear; (2) that defendant filed a voluntary dismissal; and (3) that defendant did not appear. There remains, then, only the question of whether the defendant gave adequate notice to the court of his reasons for not attending. The only evidence that defendant gave such notice was Barbara Evans' testimony about a letter which she neither prepared nor delivered to the court. Obviously, the Hearing Committee did not find her testimony credible. The fact that the court on 5 November ruled on Mrs. Vierheller's counterclaim is evidence that the court did not receive adequate notice from defendant of his reasons for not attending. Under the "whole record" test, we cannot substitute our judgment for the Committee's in choosing between two reasonably conflicting views of the evidence. *Boehm v. Board of Podiatry Examiners,* 41 N.C. App. 567, 255 S.E. 2d 328, *cert. denied,* 298 N.C. 294, 259 S.E. 2d 298 (1979). There is clearly substantial evidence in the record to support the Committee's findings upon which Conclusions of Law 1 and 2 are based.

As to the Committee's Conclusion of Law 3, there is substantial evidence that defendant waited until 14 April 1980 to file a motion to vacate the order, signed 12 March 1980, and that he did not request a hearing on this motion until 27 May 1980. The Committee made findings of fact reflecting this evidence, and these findings clearly support this conclusion of law.

The Committee's fourth conclusion of law is also supported by findings which are based on substantial, uncontradicted evidence. The Committee found that notice of appeal was filed on 15 July 1980, which was more than ten days after the 2 July 1980 order was entered. Notice of appeal is required to be filed within ten days of entry of judgment. *See* Rule 3, Rules of Appellate Procedure; G.S. 1-279. The Committee also found that defendant did not serve notice on opposing counsel and did nothing more to perfect the appeal. These findings are supported by the notice of appeal itself. Defendant attempts to explain the late filing of the notice of appeal by blaming it on an administrative oversight in the operation of his office. This is clearly no excuse for the failure to file notice of appeal in a timely manner.

In its Conclusion of Law 5, the Committee stated that defendant failed to advise his client of the hearing scheduled for 8 September 1979 and failed to attend that hearing on his client's behalf. (The year 1979 was obviously a typographical error since the only 8 September hearing mentioned in the findings of fact was in 1980). This conclusion is based on the Committee's findings which are supported by the following substantial evidence: Vierheller testified that defendant was present at the 2 July 1980 hearing. The written order signed by the presiding judge on 25 August 1980, for 2 July 1980, provided that the clerk was to place the case on the 8 September 1980 calendar for review. On 27 August 1980, defendant was served by mail with a copy of this order. Finally, Vierheller's uncontradicted testimony shows that defendant never advised him of the 8 September hearing.

The last conclusion of law which defendant challenges concerns the release which Vierheller signed at defendant's request. Defendant admitted in his answer to the complaint that he requested the release on 19 September 1980. We have reviewed the language of the release and find that it is a clear attempt by defendant to exonerate himself from personal malpractice. This is forbidden by Disciplinary Rule 6-102(A).

We hold that the Committee's findings of fact are supported by substantial competent evidence and that those findings in turn support its conclusions of law. All of defendant's assignments of error to the Committee's conclusions of law are overruled.

## III

Next, defendant argues that he was deprived of due process due to the cumulative effect of certain errors committed during the hearing. Although a fair hearing is a basic requirement of due process, *see e.g. Re Murchison*, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 2d 942 (1955), we are unable to find any merit to defendant's argument.

Defendant first requests this Court to "impose rules of laches or equity" because there was an unexplained lapse of time between the formal grievance against defendant, dated 26 September 1980, and the filing of the complaint of the Grievance Committee on 15 April 1981. Defendant has failed to show that this lapse of time was, in fact, unreasonable or to show any prejudice caused thereby. Furthermore, defendant's allegations of delay have not been made the basis of any exception or specific assignment of error. Defendant has thus waived his right to appellate review of this argument. Rule 10(a), Rules of Appellate Procedure.

Defendant next contends that the powers and duties of the counsel for the State Bar, as set forth in State Bar Rules, Article IX, § 4 (3) and § 7, are inconsistent with due process because they create an appearance of "collusion" between counsel, the Disciplinary Hearing Commission, and the Disciplinary Hearing Committee. Defendant has neither shown nor alleged any actual collusion. This assignment of error is overruled.

Defendant also complains that he was prejudiced by "[t]he denial of . . . [his] efforts to inquire into the grievance committee's probable cause hearing . . ." The record reveals that the materials presented to the Grievance Committee were, in fact, turned over to or made available to defendant. Furthermore, even if defendant had a due process right to appear before the Grievance Committee, which issue we do not decide here, the record fails to show that defendant made any request to personally appear before that Committee. No prejudicial error has been shown.

Next, defendant objects to certain rulings on motions made by the Chairman of the Hearing Committee. He maintains that these rulings were made without consultation, advice or consent from other committee members. There is no indication in the

record that any of the members disagreed with or objected to these rulings. Again, defendant has failed to show prejudicial error.

Defendant further complains that the Chairman improperly interfered with his cross-examination of Robert Vierheller. We have reviewed the numerous exceptions cited by defendant in support of this argument and can find no prejudicial error.

Finally, defendant argues that the Hearing Committee should have called Judge Herbert O. Phillips, III and Mrs. Vierheller's attorney as witnesses for the Committee to explain the delay between the 5 November 1979 hearing and the 12 March 1980 date the order was actually signed. Defendant could have called these witnesses had he believed they had relevant testimony to present. This, he did not do. Defendant essentially concedes in his brief that there is no merit to his argument. We agree. This assignment of error is overruled.

## IV

[3] In his last argument, defendant contends his due process rights "were violated when he was not provided with full disclosure and discovery before the trial" as required by G.S. 84-30. G.S. 84-30 does not address the question of discovery in disciplinary proceedings; it simply provides for the issuance of process for the compulsory attendance of witnesses, the production of documents and representation by counsel. The State Bar Rules specifically state that discovery is available to all parties in accordance with the North Carolina Rules of Civil Procedure. State Bar Rules, Article IX, Section 14(7). Defendant, in fact, submitted Requests for Admission which the State Bar answered. The record reveals that defendant did not make a proper request for any other discovery. Inasmuch as defendant failed to take full advantage of the discovery procedures available to him, he cannot now complain that he was not provided full disclosure and discovery prior to the hearing. We find no merit to this argument.

For the foregoing reasons, the order appealed from is

Affirmed.

Judges WELLS and HILL concur.