THE DISCIPLINARY HEARING COMMISSION OF THE NORTH CAROLINA STATE BAR, PLAINTIFF v. REGINALD L. FRAZIER, DEFENDANT

No. COA99-1367

(Filed 29 December 2000)

**1. Appeal and Error— cross-assignments of error—appellate rules**

Issues were not considered where defendant attempted to raise cross-assignments of error without following the requirements of N.C. R. App. P. 10(d) and 28(c).

**2. Attorneys— disbarred attorney—practicing law—subject to contempt**

Defendant was subject to the contempt power of the Disciplinary Hearing Commission of the N.C. State Bar even though he had already been disbarred.

**3. Attorneys— State Bar—contempt power**

The Disciplinary Hearing Commission of the N.C. State Bar had the authority to exercise contempt power against an attorney who was practicing law in violation of a disbarment order.

Appeal by plaintiff from order entered 3 September 1999 by Judge Abraham Penn Jones in Wake County Superior Court. Heard in the Court of Appeals 11 October 2000.

*The North Carolina State Bar, by Carolin Bakewell and A. Root Edmonson, for plaintiff-appellant.*

*Michaux & Michaux, P.A., by Eric C. Michaux, for defendant-appellee.*

EDMUNDS, Judge.

Plaintiff The North Carolina State Bar appeals an order dismissing its contempt action, declaring the judgment of contempt issued by the Disciplinary Hearing Commission of the North Carolina State Bar (DHC) on 20 January 1995 null and void, and releasing defendant from imprisonment. We reverse.

Although this Court has previously set out relevant facts pertaining to this case, *see Frazier v. Murray,* 135 N.C. App. 43, 519 S.E.2d 525 (1999), *appeal dismissed,* 351 N.C. 354, 542 S.E.2d 209 (2000), we shall recount them here to ensure a complete understanding of the history of this and related proceedings. Defendant has a history of behavior that has resulted in discipline by plaintiff, including the following: defendant's law license was suspended for one year, shortly following his admission to practice law, after he improperly retained funds belonging to a client, *see State Bar v. Frazier,* 269 N.C. 625, 153 S.E.2d 367 (1967); defendant was censured in 1978 for failing to perfect an appeal for a client and for retaining a fee after he failed to perform services for a client; defendant's law license was suspended for one year in 1981 for failing to notify his client of a hearing, advising his client not to attend a hearing, failing to attend a hearing on his client's behalf, filing a voluntary dismissal of his client's claim without adequate preparation, failing to perfect an appeal for his client, and having his client sign a release, which attempted to exonerate him from liability, *see N.C. State Bar v. Frazier,* 62 N.C. App. 172, 302 S.E.2d 648 (1983); defendant was suspended from the practice of law for two years in 1988 for neglecting a legal matter in which he represented Willis Jarman (Jarman) and for pressuring Jarman to withdraw a grievance against him; and defendant was disbarred from the practice of law on 6 November 1989 for attempting to persuade Jarman to recant prior truthful testimony, which Jarman had given in a 1988 disciplinary case against defendant.

Although defendant filed notice of appeal from the 6 November 1989 disbarment order, defendant's failure to perfect the appeal resulted in its dismissal. Since that time, defendant has not been reinstated to the practice of law in the State of North Carolina. Although defendant has filed numerous pleadings and petitions challenging the order of disbarment, none has ever been upheld by DHC or by any court.

In 1991, upon discovering that defendant was practicing law in violation of the 6 November 1989 disbarment order, plaintiff initiated a criminal contempt proceeding in Craven County Superior Court. A hearing was held in April 1991, and defendant was found guilty of indirect criminal contempt. He was sentenced to thirty days in jail and served his sentence in 1991.

In 1994, plaintiff again received notice that defendant was practicing law in violation of the 6 November 1989 disbarment order. After plaintiff's attempts to persuade the Craven County District Attorney to prosecute plaintiff for unauthorized practice of law proved unsuccessful, plaintiff requested Superior Court Judge D. Marsh McClelland to hold defendant in criminal contempt. Defendant filed a motion to dismiss, and on 18 February 1994, Judge McLelland granted defendant's motion. In his order of dismissal, the judge noted that there was no basis in law for enforcing a disbarment order by contempt proceeding and that there were no grounds for punishing defendant for contempt because he neither violated nor attempted to violate the parol order of the presiding judge ordering defendant not to represent clients in criminal cases set for trial at the February 1994 session. Plaintiff did not appeal this ruling.

In August 1994, plaintiff received new allegations that defendant was continuing to practice law, even placing an advertisement for legal services in the local newspaper. Accordingly, plaintiff instituted a show cause proceeding before the DHC. Defendant filed a series of motions in September, November and December of 1994 alleging indigency, seeking appointment of counsel, attempting to discharge appointed counsel, seeking a continuance, and attempting to remove the contempt proceeding to federal court. A hearing was held on 19 December 1994, at which defendant failed to appear. Plaintiff entered a judgment of contempt on 20 January 1995 finding defendant guilty of sixteen counts of contempt, sentencing him to thirty days in jail for each count, and imposing a fine of $200 for each count. Additionally, defendant was ordered to pay the costs of the proceedings.

DISCIPLINARY HEARING COMM'N, N.C. STATE BAR v. FRAZIER

[141 N.C. App. 514 (2000)]

On 23 January 1995, plaintiff obtained an order for arrest from the Wake County Superior Court. Pursuant to this order, defendant was arrested and taken to the Craven County jail, where he was held until 30 January 1995, at which time he was transported to the Wake County jail. Subsequently, he was transferred to the North Carolina Department of Correction.

In May 1995, defendant filed a habeas corpus proceeding in the United States District Court for the Eastern District of North Carolina. After a hearing in November 1995, the federal district court on 25 November 1995 ordered that defendant be released from jail pending a final ruling in the case. The next day, the federal district court issued a final order holding that plaintiff had failed to provide defendant with proper notice of both his right to appeal from the DHC judgment of contempt and his right to seek a *de novo* jury trial in Wake County Superior Court. Specifically, the court found:

> The circumstances and procedures surrounding Mr. Frazier's criminal contempt conviction establish that he was not sufficiently appraised of his right to contest the conviction and obtain a trial by jury on the issue of his criminal contempt. He was entitled to be notified of this right by the court so that he could either elect to pursue the right to trial by jury, or knowingly and willfully abandon that right. Because of this error, the court will issue a writ of habeas corpus on the terms and conditions set out in this order. Accordingly, this court orders the issuance of a writ of habeas corpus releasing Mr. Frazier from the conviction and sentence heretofore imposed by the Disciplinary Hearing Commission of the North Carolina State Bar, unless within 30 days from the entry of this order, the DHC affords Mr. Frazier notice of his right to appeal to the Superior Court of Wake County upon the times and terms provided for in the General Statutes of North Carolina.

> In the event that the petitioner fails to exercise his right to appeal or waives or abandons that right, then the sentence previously imposed may be executed to its full term, and this writ shall be dissolved.

> In the event that the petitioner exercises his rights to further proceedings within the Superior Court of Wake County and the courts of North Carolina, then the judgment and order of that court shall control, and this writ shall no longer operate to interfere with the determination of that court. This court will retain

only such jurisdiction as may be necessary to conclude this proceeding consistent with the order entered herein.

*Frazier v. French*, No. 5:95-HC-463-BO, slip op. at 13-14 (E.D.N.C. Nov. 25, 1996).

In accordance with this order, plaintiff filed on 5 December 1996 a notice respecting defendant's right to appeal to Wake County Superior Court. Defendant filed notice of appeal to that court on 13 December 1996 and then filed motions to dismiss in May 1997 and September 1998. These motions were granted on 3 September 1999. Plaintiff appeals.

[1] Defendant gave notice of cross-appeal on 15 September 1999, but later abandoned this cross-appeal in his appellate brief. Defendant nevertheless purports to present alternative valid grounds for the trial court's decision, claiming that the doctrines of res judicata and collateral estoppel require the court's decision to be affirmed. However, a party may cross-assign "any action or omission of the trial court which was properly preserved for appellate review and which deprived the appellee of an alternative basis in law for supporting the judgment, order or other determination from which appeal has been taken." N.C. R. App. P. 10(d). It appears that defendant is attempting to raise issues which may be properly developed through cross-assignments of error, but without following the requirements of N.C. R. App. P. 10(d) and 28(c). Accordingly, we shall not consider the issues raised by defendant in Part I of his brief.

Although plaintiff sets out a number of assignments of error, the central issues on appeal are: (1) whether defendant is subject to the contempt power of plaintiff even though he was disbarred; and (2) whether plaintiff can lawfully exercise contempt power. Both issues have already been decided in the affirmative by this Court in *Frazier*, 135 N.C. App. 43, 519 S.E.2d 525. This panel is bound by those holdings. *See, e.g., State v. Woods*, 136 N.C. App. 386, 390, 524 S.E.2d 363, 365, *disc. review denied*, 351 N.C. 370, 543 S.E.2d 147 (2000) (stating that "[a]bsent modification by our Supreme Court, a panel of this Court is bound by the prior decision of another panel addressing the same issue").

[2] As to the first issue, whether defendant is subject to the contempt power of plaintiff even though he was disbarred, this Court stated:

The Disciplinary Hearing Commission clearly had authority to discipline and disbar plaintiff. N.C. Gen. Stat. § 84-28.1(b) autho-

rizes the Disciplinary Hearing Commission to "hold hearings in discipline, incapacity and disability matters, to make findings of fact and conclusions of law after such hearings, and to enter orders necessary to carry out the duties delegated to it by the council."

*Id.* at 49, 519 S.E.2d at 529 (internal citations omitted).

**[3]** As to whether plaintiff can exercise contempt power, the Court found:

> Moreover, the General Assembly intended to vest the Disciplinary Hearing Commission with the statutory authority to enforce its order of disbarment by criminal contempt powers comparable to those of the general courts of justice. N.C. Gen. Stat. § 84-28.1(b) provides that "[t]he disciplinary hearing commission of the North Carolina State Bar, or any committee thereof, acting through its chairman, *shall have the power to hold persons, firms or corporations in contempt as provided in Chapter 5A.*" Chapter 5A outlines the criminal contempt powers of the general courts of justice. Since the Disciplinary Hearing Commission was acting within its statutory authority in exercising its contempt powers, any claim for negligence in the performance of its duties would come within the public duty doctrine.

*Id.* (citation omitted). Because these issues have been resolved against defendant, it is not necessary to discuss plaintiff's remaining assignments of error. The case is reversed and remanded to the trial court for disposition consistent with this opinion.

Reversed and remanded.

Judges GREENE and MARTIN concur.