DISCIPLINARY HEARING COMM'N OF THE N.C. STATE BAR v. FRAZIER

[354 N.C. 555 (2001)]

to dismiss. Therefore, I vote to reverse the opinion of the Court of Appeals.

Justice ORR joins in this dissenting opinion.

═══════════════

THE DISCIPLINARY HEARING COMMISSION OF THE NORTH CAROLINA STATE BAR v. REGINALD FRAZIER

No. 72PA01

(Filed 18 December 2001)

**Attorneys–discipline of disbarred attorney–authority of State Bar**

> The Disciplinary Hearing Commission of the North Carolina State Bar did not have the authority to discipline a disbarred attorney because the disciplinary powers of the DHC are extinguished after disbarment. The contempt powers of the DHC were not examined in this case; however, it was noted that any such powers should be exercised with the utmost prudence. Under N.C.G.S. § 84-37(a), the State Bar may investigate charges or complaints of unauthorized practice of law and seek an injunction in Superior Court and, further, may bring allegations of unauthorized practice to the attention of the district attorney, whose duty under N.C.G.S. § 84-7 is not to be ignored.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 141 N.C. App. 514, 540 S.E.2d 758 (2000), reversed and remanded an order entered 3 September 1999 by Jones (Abraham Penn), J., in Superior Court, Wake County. Heard in the Supreme Court 11 September 2001.

*Carolin Bakewell and A. Root Edmonson for plaintiff-appellee.*

*Michaux & Michaux, P.A., by Eric C. Michaux, for defendant-appellant.*

BUTTERFIELD, Justice.

The principle issue raised for review is whether the Disciplinary Hearing Commission of the North Carolina State Bar (DHC), plaintiff

herein, may discipline a disbarred attorney who has allegedly engaged in the unauthorized or unlawful practice of law.

Defendant was disbarred from the practice of law on 6 November 1989. Although defendant has challenged the order of disbarment on several occasions, he has not been reinstated to the practice of law. In 1994, the DHC received notice that defendant had been engaged in the unauthorized or unlawful practice of law. The DHC presented the information to the Craven County district attorney, with no action being taken by that office. The DHC then moved to have defendant held in criminal contempt for violation of the 6 November 1989 disbarment order. Following plaintiff's presentation of evidence, defendant moved to dismiss. In a order signed 18 February 1994, the trial court granted defendant's motion to dismiss. The DHC did not appeal this ruling. In August 1994, the DHC received new allegations that defendant was continuing to practice law and had placed an advertisement for legal services in the local newspaper. The DHC instituted a show cause proceeding. Defendant filed a series of motions in September, November, and December of 1994 alleging indigency, seeking appointment of counsel, attempting to discharge appointed counsel, seeking a continuance, and attempting to remove the contempt proceeding to federal court. Defendant did not appear at the DHC hearing on 19 December or 20 December 1994.

On 20 January 1995, the DHC issued a judgment of contempt finding defendant guilty of sixteen counts of contempt, sentencing him to consecutive sentences of thirty days in jail for each count, and imposing a fine of $200.00 for each count. Upon application of the DHC, the trial court issued an arrest warrant for defendant on 23 January 1995. Defendant was arrested and taken to the Craven County jail on 26 January 1995 with no hearing before any judicial official. In his petition for discretionary review, defendant explains that defendant was transported to the Wake County jail on 30 January 1995 and subsequently transferred to the North Carolina Department of Correction.

Defendant petitioned for a writ of *habeas corpus* in the United States District Court for the Eastern District of North Carolina. After a hearing in November 1995, the district judge released defendant pending a final ruling in the *habeas* proceeding. On 21 November 1996, the district judge issued a writ of *habeas corpus* releasing defendant and directing the DHC to notify defendant of his appellate rights in the matter. In response to the federal court order, plaintiff

informed defendant of his right of appeal to the Superior Court, Wake County. Defendant gave notice of appeal and asserted motions to dismiss. The trial court conducted a hearing and granted defendant's motions to dismiss the DHC contempt proceeding and declared the 20 January 1995 DHC order null and void. The DHC then appealed the trial court's ruling to the Court of Appeals.

The Court of Appeals examined two issues: (1) whether defendant was subject to the contempt power of the DHC even though he was disbarred, and (2) whether the DHC can lawfully exercise contempt power. The Court of Appeals held that both issues had been decided in the affirmative in *Frazier v. Murray*, 135 N.C. App. 43, 519 S.E.2d 525 (1999), *appeal dismissed*, 351 N.C. 354, 542 S.E.2d 209 (2000), and that the panel was bound by the *Frazier* holding. In concluding that defendant was subject to the contempt power of the DHC even though he was disbarred, the Court of Appeals stated that it was bound by the following from *Frazier*:

"The Disciplinary Hearing Commission clearly had authority to discipline and disbar plaintiff. [N.C. Gen. Stat. §§ 84-28, 84-28.1 (1995).] N.C. Gen. Stat. § 84-28.1(b) authorizes the Disciplinary Hearing Commission to 'hold hearings in discipline, incapacity and disability matters, to make findings of fact and conclusions of law after such hearings, and to enter orders necessary to carry out the duties delegated to it by the council.' [N.C. Gen. Stat. § 84-28.1(b).]"

*Disciplinary Hearing Comm'n v. Frazier*, 141 N.C. App. 514, 518-19, 540 S.E.2d 758, 761 (2000) (quoting *Frazier v. Murray*, 135 N.C. App. at 49, 519 S.E.2d at 529). We reverse.

Defendant comes before us on appeal as a disbarred attorney who has allegedly engaged in the unauthorized or unlawful practice of law. In this appeal, defendant does not challenge, nor does he admit, the allegations that he has engaged in the unauthorized or unlawful practice of law. Rather, defendant alleges that the Court of Appeals erred in holding that the DHC had the authority to discipline defendant and that the DHC had the power to hold defendant in criminal contempt. We agree.

The instant case illustrates the confusion that has surrounded the jurisdiction of the North Carolina State Bar over disbarred attorneys. The government of the North Carolina State Bar is vested in the Council, as set out in N.C.G.S. § 84-17. The Council is vested with the

authority to regulate the professional conduct of attorneys. N.C.G.S. § 84-23 (1999). The authority of the North Carolina State Bar to disbar attorneys under N.C.G.S. § 84-28 is not at issue here. The threshold issue is whether the North Carolina State Bar retains jurisdiction over a disbarred attorney. We believe that there is no authority for the DHC's actions to discipline defendant and find him in criminal contempt.

Neither N.C.G.S. § 84-28.1 nor the powers vested in the Council grant any authority to discipline disbarred attorneys. The DHC "is authorized to hold hearings in discipline, incapacity and disability matters, to make findings of fact and conclusions of law after such hearings, and to enter orders necessary to carry out the duties delegated to it by the council." N.C.G.S. § 84-28.1(b) (1999). There is no authorization for the DHC to discipline a disbarred attorney for the unauthorized or unlawful practice of law. The purpose of the DHC is to discipline only those attorneys who are members of the North Carolina State Bar. By its own determination, the North Carolina State Bar has severed the ties that previously bound the disbarred attorney to the Bar. After disbarment, the disciplinary powers of the North Carolina State Bar over a disbarred attorney are extinguished. Upon disbarment of defendant, the DHC lacked any authority to discipline defendant or to find him in contempt.

Having determined that the DHC did not have authority over defendant, we need not examine the contempt powers of the DHC. However, we note that the future exercise of any contempt powers that the legislature may have vested in the DHC, absent clarifying amendment of the statutes, should be exercised with the utmost prudence.

While the DHC does not have the authority to discipline a disbarred attorney or find a disbarred attorney in contempt, the DHC does have the means to help prevent the unauthorized or unlawful practice of law in this state. Under N.C.G.S. § 84-37, the North Carolina State Bar may investigate "any charges or complaints of unauthorized or unlawful practice of law." N.C.G.S. § 84-37(a) (1999). The North Carolina State Bar, after its investigation may seek a temporary injunction to restrain a defendant from the unauthorized or unlawful practice of law. N.C.G.S. § 84-37(b). The North Carolina State Bar may also bring an action in its name for a final judgment in its favor that "shall perpetually restrain the defendant or defendants from the commission or continuance of the act or acts complained

of." N.C.G.S. § 84-37(b). Such actions shall be brought in the "superior court of any county in which the acts constituting unauthorized or unlawful practice of law are alleged to have been committed or in which there appear reasonable grounds that they will be committed or in the county where the defendants in the action reside or in Wake County." N.C.G.S. § 84-37(c). If a defendant engages in the unauthorized or unlawful practice of law after a final judgment to perpetually restrain the defendant from the unauthorized or unlawful practice of law, contempt proceedings remain in the courts in accordance with the laws of this state.

The North Carolina State Bar, in addition to conducting an investigation and seeking injunctive relief, may bring allegations of the unauthorized or unlawful practice of law to the attention of a district attorney. N.C.G.S. § 84-7 provides:

> The district attorney of any of the superior courts shall, upon the application of any member of the Bar, or of any bar association, of the State of North Carolina, bring such action in the name of the State as may be proper to enjoin any such person, corporation, or association of persons who it is alleged are violating the provisions of G.S. 84-4 to 84-8, and it shall be the duty of the district attorneys of this State to indict any person, corporation, or association of persons upon the receipt of information of the violation of the provisions of G.S. 84-4 to 84-8.

N.C.G.S. § 84-7(1999). This statute unambiguously states that the process of seeking criminal sanctions for the unlawful practice of law are under the exclusive control of district attorneys. The duty imposed on district attorneys by N.C.G.S. § 84-7 is not to be ignored.

Defendant requests this Court to apply N.C. R. App. P. 2 and reconsider our dismissal of *Frazier v. Murray*, in which he failed to perfect his appeal. We decline to do so.

For the foregoing reasons, we conclude that the Court of Appeals erred in reversing the order of the Superior Court.

REVERSED.

Justice EDMUNDS did not participate in the consideration or decision of this case.