***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Glenn, and the briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, to receive further evidence, or to rehear the parties or their representatives. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner Glenn, with some modifications.
 ***********
On February 24, 2006, Plaintiff filed an Affidavit seeking damages under the North Carolina Tort Claim Act, alleging that certain employees of the North Carolina State Bar (hereinafter referred to as "Defendant") negligently "disbarred claimant for failing to maintain trust records." In response, Defendant filed a Motion to Dismiss, alleging that Plaintiff's claim is barred by the public duty doctrine and public official immunity. In his Affidavit, Plaintiff stated *Page 2 
the following:
 On February 28, 2003, the NC Supreme Court determined that the NC State Bar Disciplinary Hearing Commission failed to adhere to the standard of care required to impose the disbarment sanction against claimant. DHC negligently disbarred claimant for failing to maintain trust records, DHC failed in their duty to apply statutory requirements for disbarment; failed to base findings on any evidence of harm to the client or the public; failed to apply normal sanctions for failing to maintain trust records; and, demonstrated wanton conduct with conscious or reckless disregard for the rights and safety of claimant. That claimant suffered public disgrace, loss of income; suffered physical and mental depression and damage to his home/office as a direct result of DHC's negligent action.
In Braswell v. Braswell, the North Carolina Supreme Court first adopted the public duty doctrine. Braswell v. Braswell, 330 N.C. 363,410 S.E.2d 897 (1991). In doing so, the Supreme Court determined that a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to provide police protection to specific individuals. Id. The Court recognized two (2) exceptions to the public duty doctrine: (1) when there is a special relationship between the injured party and the police; and (2) when a municipality creates through its police officers a special duty by promising protection to that individual which it does not provide.
The Supreme Court extended the application of the public duty doctrine to "state agencies" and "governmental function other than law enforcement" in Stone v. N.C. Dep't of Labor. Stone v. N.C. Dep't ofLabor, 347 N.C. 473, 495 S.E.2d 711, cert. denied, 525 U.S. 1016,142 L. Ed. 2d 449 (1998). In so doing, the Supreme Court held that:
 [t]he general common law rule provides that governmental entities, when exercising their statutory powers, act for the benefit of the general public and therefore have no duty to protect specific individuals. "[T]he public duty doctrine shields the state and its political subdivisions from tort liability arising out of discretionary governmental actions that by their nature are not ordinarily *Page 3 
performed by private persons." Because the governmental entity owes no particular duty to any individual claimant, it cannot be held liable for negligence for a failure to carry out its statutory duties. Stone, 347 N.C. 473, 482, 495 S.E.2d 711, 716, cert. denied, 525 U.S. 1016, 142 L. Ed. 2d 449 (1998).
In Multiple Claimants v. North Carolina Dept of Health and HumanServices, Division of Facility Services, Jails and DetentionServices, the Supreme Court found that the special relationship exception to the public duty doctrine applied, allowing a negligence action against the state to proceed where plaintiff-inmates, either suffered injuries or died in a jail fire. Multiple Claimants v. NorthCarolina Dept of Health and Human Services, Division of FacilityServices, Jails and Detention Services, 361 N.C. 372, 646 S.E.2d 356
(2007). In this case, the Supreme Court analyzed Hunt andStone, and concluded that in assessing whether the "special relationship" exception applied, the language of the relevant statutes and regulations must be examined in order to determine if it mandates a standard of conduct owed by an agency to the individualized complainant. The Supreme Court held that a "special relationship" existed between the Department of Health and Human Services (DHHS) and the inmates because DHHS had a statutory duty to inspect jails in order to ensure their compliance with minimum standards for fire safety. The duty arises out of concern for the health and welfare of particular individuals — the inmates. The special relationship exception also applied because of the relationship between the state and the inmates, by reason of the inmates' inability to care for themselves, due to their deprivation of liberty. Id.
In the present case, § 84-28 of the North Carolina General Statutes provides that "[a]ny attorney admitted to practice law in this State is subject to the disciplinary jurisdiction of the Council under such rules and procedures as the Council shall adopt as provided in G.S. 84-23." N.C. Gen. Stat. § 84-28 (2007). *Page 4 
 § 84-28.1 of the North Carolina General Statutes further provides, in pertinent part, that:
 (b) The disciplinary hearing commission of the North Carolina State Bar, or any committee of the disciplinary hearing commission, may hold hearings in discipline, incapacity and disability matters, make findings of fact and conclusions of law after these hearings, enter orders necessary to carry out the duties delegated to it by the Council, and tax the costs to an attorney who is disciplined or is found to be incapacitated or disabled.
 (b1) The disciplinary hearing commission of the North Carolina State Bar, or any committee thereof, acting through its chairman, shall have the power to hold persons, firms or corporations in contempt as provided in Chapter 5A. N.C. Gen. Stat. § 84-28.1 (2007).
In Frazier v. Murray, the North Carolina Court of Appeals analyzed § 84-28.1 of the North Carolina General Statutes, and concluded that the public duty doctrine applied to a disbarred attorney's negligence claim against the Disciplinary Hearing Commission. Frazier v. Murray,135 N.C. App. 43,519 S.E.2d 525 (1999), rev'd on other grounds, 354 N.C. 555,556 S.E.2d 262 (2001). The Court of Appeals held:
 Plaintiff has not alleged any set of facts which, taken as true, create a special relationship between plaintiff and the Disciplinary Hearing Commission nor does the complaint allege the elements of any special duty owed plaintiff by to the Disciplinary Hearing Commission. Therefore, the public duty doctrine bars plaintiff's Tort Claims Act claim against the Disciplinary Hearing Commission for negligent infliction of emotional distress and the claim was properly dismissed pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). ("If the State were held liable for performing or failing to perform an obligation to the public at large, the State would have liability when a private person could not."). Id., 135 N.C. App. 43, 50, 519 S.E.2d 525, 530, (1999), rev'd on other grounds, 354 N.C. 555, 556 S.E.2d 262 (2001).
When considering a motion to dismiss, the court "need only look to the face of the complaint to determine whether it reveals an insurmountable bar to plaintiff's recovery." Locus v. *Page 5 Fayetteville State Univ., 102 N.C. App. 522, 527, 402 S.E.2d 862, 866
(1991). Although Plaintiff's argument in his brief, as well as to the Full Commission, arguably raises the special relationship exception to the public duty doctrine, Plaintiff's Affidavit does not allege that a special relationship existed between Defendant and Plaintiff, or that Defendant had a special duty to him. Plaintiff's Affidavit fails to allege facts that would establish the existence of a special relationship, or of the existence of a special duty between Defendant and Plaintiff.
Plaintiff's Affidavit does not allege that he obtained specific assurances or guarantees from any of Defendant's employees that he would not be disbarred or otherwise reprimanded. However, Plaintiff argued in his brief and to the Full Commission that:
 Under the statute creating and authorizing the existence of defendant State Bar and giving defendant power to regulate professional conduct of attorneys; in Chapter 84 of the NCGS and specifically NCGS 84.1 the defendant, NC State Bar, makes a specific promise to attorneys that they may practice law as long as they comply with the code of professional responsibility.
Again, Plaintiff did not allege specific facts, which if taken as true, would support his argument that § 84-28.1 of the North Carolina General Statutes is designed to benefit a specified, identifiable group of individuals, or that a private right of action is created in favor of an individual.
The Full Commission is not addressing Defendant's Motion to Dismiss, based upon the public official immunity doctrine.
IT IS THEREFORE ORDERED that Plaintiff's claim is barred by the public duty doctrine; therefore, Defendant's Motion to Dismiss is granted, and Plaintiff's claim is hereby dismissed, with prejudice.
No costs are assessed at this time.
This the ___ day of September, 2008. *Page 6 
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
 CONCURRING:
 S/___________________ DANNY McDONALD COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER